### 6356. MOON *v.* STARNES.

BROYLES, J. 1. An appeal of a case from a justice's court to the superior court does not confer jurisdiction where none existed in the former court. *Searcy* v. *Tillman,* 75 *Ga.* 504 (1).

2. "A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the case wherein the judgment was rendered." Civil Code, § 4336.

(a) But where A, in a suit in a justice's court against B, for damage alleged to have been caused by a collision between A's and B's automobiles, is defeated, and the jury find that A, and not B, was the real tort-feasor, and where the damage sustained by B amounted to more than $100 (the maximum jurisdictional amount of the justice's court),

the judgment rendered against A in that court, or in the superior court, to which the case was appealed, and which was merely in favor of the defendant B, will not thereafter estop B from bringing suit against A in a court of competent jurisdiction for the amount of his damage sustained in the automobile collision. This ruling is not contrary to section 4759 of the Civil Code, or to the decision in *Ware* v. *Fambro*, 67 *Ga.* 515. The judge of the city court, to whom by consent A's plea of res judicata was submitted, and who heard evidence upon this issue, did not err in overruling the plea.          *Judgment affirmed.*

DECIDED JANUARY 7, 1916. REHEARING DENIED FEBRUARY 25, 1916.

Action for damages; from city court of Atlanta—Judge H. M. Reid. November 11, 1914.

*Morris Macks,* for plaintiff in error. *W. M. Smith,* contra.