### 14400.   JONES *v.* SCHACTER.

STEPHENS, J. 1. In a suit by a landlord against a tenant to recover rent, a plea of res judicata filed by the tenant, alleging that in a former suit between the parties, wherein the tenant was plaintiff and the landlord was defendant, the rights of the parties arising under the contract sued on had been adjudicated, either under the petition there filed by the former plaintiff or under a set-off there filed by the former defendant, is not supported by the evidence, where the pleadings in the former trial, introduced in evidence, show that the former plaintiff's petition and the former defendant's set-off were each upon open account, and where it does not appear from the pleadings in the former suit or from any evidence adduced at the former trial that in either the former plaintiff's petition or the former defendant's plea of set-off any issue was sought to be inquired into or was actually inquired into under any contract of rental. The fact that on the former trial the presiding judge did, at the request of the then defendant (the present plaintiff), give in charge to the jury certain principles of law respecting the duty of a landlord to keep rented premises in repair and respecting his liability for improvements placed thereon by his consent, is not sufficient to show that the rights of the parties under any rent contract were actually inquired into and adjudicated on the former trial, since, in the absence of any evidence in the present case as to what evidence was introduced upon the former trial, it does not appear that such charge was pertinent and material to any issue there presented.

2. Evidence on the trial of the pending case that the obligations adjudicated in the former case arose out of the contract of rental here sued on is not evidence of what issues were actually made in the evidence on the former trial.

3. While it is true that if the matter in the pending case was not in fact litigated in the former suit, yet if it could and should under the rules of pleading have been there adjudicated, it is res judicata, and while a suit on open account may be maintained to enforce a right arising under an express contract when the plaintiff has performed his obligations under the contract and the only unperformed obligation by

the defendant is his obligation to respond by payment (which in the present case does not appear), a suit on quantum meruit or open account cannot by amendment be converted into a suit upon an express contract. *Tumlin* v. *Bass Furnace Co.*, 93 *Ga.* 594 (2) (20 S. E. 44); *Alabama Construction Co.* v. *Continental Car Co.* 131 *Ga.* 365 (5) (62 S. E. 160).

4. It therefore does not appear that the obligations arising under the contract of rental here sued on could by amendment have been adjudicated in the former litigation; and since it does not appear that they were in fact adjudicated in the former litigation, the adjudication of the former suit is not res judicata as to the rights and obligations arising under the contract sued on in the pending case. Civil Code (1910), § 4336; *Hoffman* v. *Summerford*, 28 *Ga. App.* 247 (111 S. E. 68).

5. The defendant's plea of res judicata being without evidence to support it, and it appearing from undisputed evidence that the amount of rent sued for was due by the defendant to the plaintiff, the judge of the municipal court properly directed a verdict for the plaintiff, and the judge of the superior court did not err in refusing to sanction the defendant's petition for certiorari.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 29, 1924. REHEARING DENIED MARCH 1, 1924.

Certiorari; from Fulton superior court—Judge Humphries. February 13, 1923.

*Myron Herzberg, Morris Macks,* for plaintiff in error.
*Hewlett & Dennis,* contra.