31152.   LUMBERMEN'S MUTUAL CASUALTY COMPANY
*et al. v.* ALLEN.

Decided July 10, 1946.   Rehearing denied July 24, 1946.

134

136

*Edward B. Lovell,* for plaintiffs in error.

*J. B. White, C. C. Pittman,* contra.

GARDNER, J. (a) The only issue in this case is whether the claimant had voluntarily deserted or abandoned her deceased husband, Jonas Allen, under the provisions of the Code, § 114-414 (a). The hearing director found as a matter of fact that the claimant had abandoned or deserted her deceased husband. Upon an appeal to the full board, the full board in a very detailed and carefully written analysis of the record reversed the award of the hearing director and found in favor of the claimant. This award was appealed to the superior court. That court in turn affirmed the award of the full board.

(b)   The evidence is somewhat conflicting, but after a careful consideration and analysis of the entire record, we are convinced that the full board was authorized, under the evidence and the law, to award compensation to the claimant, Corrie Allen.

(c)   The employer and insurance carrier base their contention for reversal wholly on the principle of law that, since the testimony of the claimant is "self-contradictory, vague, or equivocal," such testimony is to be construed most strongly against the claimant. It is contended that, since there is no other evidence in the record in favor of the claimant, she is not entitled to recover as a matter of law.   We disagree with this contention for two reasons:   (1) Construing the evidence most strongly against the claimant, the fact-finding body, the full board, were authorized to conclude that the claimant was entitled to recover; and (2) there is other evidence in the record in favor of the claimant, to the effect that the deceased abandoned and deserted the claimant and that the claimant did not desert or abandon the deceased.   As to the latter proposition, the full board considered and set out somewhat in detail other evidence in favor of the claimant, with relation to the deceased having abandoned the claimant and having lived in a state of illegal relations with Lena Jennings, she having borne four children by him, and the deceased having gone through a ceremony of marriage with Lena; then later, while the claimant and Lena were still alive, the deceased entered into a third ceremony of marriage, the last with a woman by the name of Magnolia Stephens, in 1940.   All of this testimony forms a part of the record, which shows evidence in favor of the claimant to the effect that the deceased abandoned her, and is corroborative of her testimony that the deceased was cruel to her, mistreating her personally by striking her, and cursing her when he was in a drunken condition, and making it impossible for the claimant to live with him or to return to him.

Conceding, but not agreeing with the contention that the claimant's testimony is self-contradictory, vague, or equivocal to the extent that—when construed most strongly against her—it would not support an award in her behalf, there is evidence in her favor other than that of the claimant.   In this view, the award is amply authorized.   This being true, the principles of law relied on by the employer and the insurance carrier, as announced in the decisions

cited, are not applicable and controlling here. Some of the decisions cited and relied on are: *Horne* v. *Peacock,* 122 *Ga.* 45 (2); *Holloway* v. *Travelers Ins. Co.,* 50 *Ga. App.* 87, 89; *House* v. *Parker,* 56 *Ga. App.* 674; *Standard Brick & Tile Co.* v. *Posey,* 56 *Ga. App.* 686, and many others. This court held in *Rogers* v. *Woods,* 66 *Ga. App.* 195, 197 (17 S. E. 2d, 283): "The rule that a party's testimony must be construed against him is not applicable to this case because there was other testimony upon which the jury might have based its verdict." It is well established that "the findings of fact made by the directors within their power shall, in the absence of fraud, be conclusive." Code, § 114-710.

(d) There is one other phase of the record, which we deem pertinent to discuss. That phase concerns the evidence relative to a statement which the agent of the insurance carrier procured from the claimant. It must be kept in mind that this statement was an extrajudicial document. It was introduced in evidence, but there is little of its contents mentioned except, "We did not have any particular reason for separating, but we just quit." In addition to the findings of fact which we have copied from the award of the full board, we have set forth certain questions and answers from the record of testimony. It will be noted that the full board were authorized to conclude that the claimant did not intend to sign a statement to such effect. This phase involved a question of credibility. In view of the whole record, the fact-finding board were authorized and justified in reaching the conclusion that the deceased, Jonas Allen, abandoned the claimant and that she did not abandon him. This is true notwithstanding the above-quoted phrase in the statement which the claimant denies having made, as set out in the statement obtained from her by the agent of the insurance carrier. The agent could have misunderstood her, or she could have misunderstood him. The full board could well have found this to be true without imputing bad faith to the agent of the insurance carrier. The judgment of the superior court in affirming the award is affirmed.

*Judgment affirmed. Sutton, P. J., MacIntyre and Parker, JJ., concur, and Broyles, C. J., and Felton, J., dissent.*

BROYLES, C. J., dissenting. Corrie Christian Allen filed her claim for compensation, before the State Board of Workmen's Compensation, against E. Z. Mills Inc., as employer, and Lumbermen's

Mutual Casualty Company, as insurance.carrier. She alleged that she was the widow of Jonas Allen, an employee of E. Z. Mills Inc., at the time of his death, and that his death resulted from an accident arising out of and in the course of that employment.

On the trial before the deputy director, it was admitted that Jonas Allen, while an employee of E. Z. Mills Inc., was fatally injured in an accident which arose out of and in the course of his employment. After the introduction of evidence, the director found as matters of fact: (1) That Allen and the claimant were married on January 24, 1917, and that, on the date of Allen's death, the marriage had never been dissolved by a divorce; (2) that about six years after their marriage they agreed to separate, there being no particular reason therefor, other than a mutual desire to separate; (3) that sometime thereafter Allen sought to get his wife to return to him, and she refused to do so, persisted in the separation, and remained away from him for more than twenty years and until his accident.

Based upon the above-stated findings of fact, the director found as conclusions of law: (1) "That claimant was the lawful wife of Jonas Allen at the time of his death on December 18, 1944, and would be entitled to compensation in this case as the widow of Jonas Allen, provided she had not voluntarily deserted and abandoned him at the time of the accident;" (2) "that the refusal of claimant to return to her husband when he asked her to do so, after they had separated by mutual consent, and without a particular reason, and her persistence in the separation, constituted a voluntary desertion or abandonment at the time of the accident. See 27 Corpus Juris Secundum, page 574, and cases cited in footnote 86;" (3) "that claimant is not entitled to receive compensation because of her voluntary desertion and abandonment, at the time of the accident, of Jonas Allen."

Based upon the above-stated findings of fact and conclusions of law, the director denied compensation to the claimant. On an appeal to the full board, it was held that the evidence showed that the claimant was entitled to compensation, and an award in her favor was made. Thereafter, the judge of the superior court affirmed the award.

The record discloses that the testimony of the claimant was the only evidence tending to show that she was entitled to compensa-

tion, her testimony not having been corroborated in any material matter by any other evidence. The record further shows that her testimony was evasive, equivocal, and self-contradictory, not only on minor matters, but on the controlling question, whether she had voluntarily deserted and abandoned her husband, or whether he had voluntarily deserted and abandoned her. And the deputy director and the full board found that her testimony contained many self-contradictions on material matters.

It is well-settled law, by repeated decisions of the Supreme Court and this court, that testimony of a party to a case, who offers himself as a witness in his own behalf, should be construed most strongly against him, when his testimony is vague, equivocal, and self-contradictory; and, unless there is other evidence in his favor, he is not entitled to recover if that version of his testimony most unfavorable to him shows that the verdict should be against him.

When the testimony of the claimant in this case is construed in the light of those decisions, that version of her testimony most unfavorable to her shows that she voluntarily deserted and abandoned her husband, without any particular reason therefor, refused his request to return to him, and voluntarily continued to live away from him for more than twenty years and until his death. Evidently, the full board failed to properly construe the testimony of the claimant, and that failure resulted in the award complained of.

In my opinion, the award of the State Board of Workmen's Compensation was contrary to law; and the judge of the superior court erred in affirming the award.