35816.   GLOBE INDEMNITY CO. *et al. v.* REID *et al.*
35845.   REID *v.* GLOBE INDEMNITY CO. *et al.*

DECIDED OCTOBER 11, 1955—REHEARING DENIED OCTOBER 24, 1955.

*Marshall, Greene & Neely, Edgar A. Neely, Jr.,* for Ruralist Press and Globe Indemnity Co.

*Joe Salem, Woods & Salem, Leon Epstein, Ben Sweet,* for claimants.

NICHOLS, J. ■ The insurer and employer contend that the deceased Willie Reid did not die as the result of an injury arising out of and in the course of his employment. However, there is uncontradicted evidence that he died as the result of the injuries he received on February 9, 1954, the injuries for which the compensation agreement was entered into, approved by the State Board of Workmen's Compensation, and under which payments were made by the insurer. It was not denied that the agreement was entered into, but it is claimed that even though the agreement might be binding as between them and the deceased, that it is not binding as between them and the dependents of the deceased since the employee's claim is based on his injury and the dependent's claim is based on his death. This contention is without merit because the claim of the employee and the claim of his dependents, should he die as the result of injuries received, are both based on the injury arising out of and in the course of his employment, and compensation is based on the date of the injury in both cases. Code § 114-413 as amended by the Acts of 1939 (Ga. L. 1939, p. 234), and 1949 (Ga. L. 1949, p. 1357). Even though an employee should die as a direct result of injuries compensable under the Workmen's Compensation Act, if his death should occur more than 300 weeks after the date of the injury his dependents cannot collect compensation for his death. See *Columbia Casualty Co.* v. *Whiten,* 51 *Ga. App.* 42 (179 S. E. 630). "By entering into the agreement and obtaining the approval of the board, the parties precluded themselves from thereafter contradicting the matters there agreed upon, viz: that there was an accidental injury which arose out of and in the course of the employment, and that the injury was compensable." *Hartford Accident &c. Co.* v. *Carroll,* 75 *Ga. App.* 437, 443 (43 S. E. 2d 722). The agreement in the present case is in the record, the approval of the board is shown thereon, and no contention is made that the employee did not die as the result of injury covered by the agreement. Accordingly, there is no merit in the contention of the employer and insurer that the deceased did not die as a result of an injury arising out of and in the course of his employment.

■ The employer and insurer contend that none of the alleged dependents of the deceased carried the burden of proving that

they were entitled to compensation for his death, whereas the alleged dependent Estella Reid contends that the alleged dependents who were awarded compensation failed to cary the burden of procf so as to show that they were entitled to compensation for the death of Willie Reid. The record in this case consists of 334 pages, the majority of which is testimony adduced at the hearing by the State Board of Workmen's Compensation, and it would serve no purpose to attempt to set forth all of this testimony concerning the purported marital status of Willie Reid over a period of years. It will be sufficient to state that there was evidence of a ceremonial marriage between the deceased and Adel Reid which had not been legally terminated by divorce or otherwise prior to the death of Willie Reid on March 16, 1954. There was also uncontradicted evidence in the record that the claimant, Adel Reid, did not abandon the deceased, but that he abandoned her while they were living together as man and wife in the home of his mother. Accordingly, it must be said that there was some evidence to support the award of the full board that Adel Reid was the widow of Willie Reid and entitled to compensation. See, in this connection, Code § 114-414 (a), and *Lumbermen's Mutual Cas. Co. v. Allen*, 74 *Ga. App.* 133 (38 S. E. 2d 841).

As to the contention that the alleged dependent Violet May Reid did not carry the burden of showing that the deceased was her father, and that he had contributed to her support, the witnesses on this question did at times impeach their own testimony; however, there was some evidence on which the board could have based its findings, and where there is any evidence on which the award of the full board could be based this court will not disturb such findings. *Fleming* v. *Fidelity & Cas. Co.*, 89 *Ga. App.* 405 (1) (79 S. E. 2d 407).

The judgment of the Superior Court of Fulton County affirming the award of the full board was not error for any reason assigned.

*Judgment affirmed in both cases. Felton, C. J., and Quillian, J., concur.*