## 44914. WILLIAMS v. BITUMINOUS CASUALTY COMPANY et al.

HALL, Presiding Judge. This is an appeal by a claimant, Williams, from a judgment of the Brantley Superior Court affirming an award of the State Board of Workmen's Compensation. The facts are undisputed. Williams, a lumberjack, severely fractured his left shoulder on October 11, 1968, when hit by a falling tree. He received workmen's compensation benefits and regular medical attention through January 31, 1969, at which time his doctor reported that he had atrophy of his arm and shoulder and no increase in his range of motion, but that he should try working again. Apparently soon after this time he dropped out of sight but was subsequently located by appellee in the Ware County jail. In April appellee's counsel visited Williams in jail and negotiated a settlement of the workmen's compensation claim for $350. Williams signed a "Stipulation and Settlement Agreement" prepared by appellee which included this recital: "There is a genuine dispute existing between the parties, and while the claimant, Chester Williams, is not represented by an attorney, it is stipulated that the employer-insurer has fully explained to the claimant his right to employ counsel and to have representation in the premises. Notwithstanding this the claimant does not wish to go to the expense of employing counsel, and desires to settle without the advice of an attorney. Claimant verily believes that to employ an attorney would cause him unnecessary expenses." On April 30 the State Board of Workmen's Compensation entered an award approving the agreement. In May Williams appealed this award to the Brantley Superior Court which entered a judgment affirming it.

Williams contends that the board acted in excess of its powers when it affirmed a settlement which, on its face, disclosed that the workman was not represented by counsel as required by a 1963 amendment to Title 114 of the Code of Georgia. *Code Ann.* § 114-106 (Ga. L. 1963, pp. 141, 142). The applicable portion of the amendment reads: "Whenever it shall appear to the board, by stipulation of the parties or otherwise, *that both parties are represented by counsel* and that there is a bona fide dispute as to facts, the determination of which will materially affect the right of the employee or dependent to

recover compensation or the amount of compensation . . . and it further appears that the parties have agreed upon a settlement between themselves, . . . the board shall approve such settlement and enter an award; . . . where such settlement has been agreed upon and approved by the board, the same shall constitute a complete and final disposition of all claims . . . and the board shall not be authorized to enter upon any award subsequent to such board approval . . . nor shall said settlement be subject to review by the board under section 114-709." (Emphasis supplied).

In our opinion the whole tenor of the Workmen's Compensation Act requires the mandatory construction—that representation by counsel is non-waivable. Since the beneficiaries of the Act are primarily unversed industrial workers, the Act contains many provisions intended to prevent their being overreached, and such was the intent of this provision. As to the protection afforded a claimant under *Code Ann.* § 114-417 (lump-sum award), see *U. S. Fidel. &c. Co. v. Nash,* 116 Ga. App. 123 (156 SE2d 550). The 1963 amendment also requires representation by counsel for a lump-sum award to be a complete and final disposition of the claim. Ga. L. 1963, pp. 141, 151.

The question of permitting compromise settlements has been variously decided in the States. According to a well known authority, "the big underlying issue is once more the choice between viewing a compensation claim as a sort of private tort right and recognizing the social-protection character of the compensation system." 2 Larson's Workmen's Compensation Law, 342, § 82.41. Along with several other States, Georgia has tried to strike a balance by encouraging settlements but denying them binding effect until reviewed and approved by the board—surely a measure of protection for the workman. The requirement of representation by counsel added in the 1963 amendment can only be construed as applying to this protection, especially in the light of the concomitant withdrawal of the board's power to re-open and review any settlement for a period of two years, as provided in *Code Ann.* § 114-709. It is logical to presume that an amendment doing away with one safeguard, found to be cumbersome in practice, would have substituted another. The intent of the legislature is clearly expressed in the caption

of the amendment: "An Act to amend Title 114 . . . to authorize the State Board of Workmen's Compensation to approve and permit final and binding settlements of claims under the Workmen's Compensation Act, *where both sides are represented by counsel.*" (Emphasis supplied).

We do not suppose the legislature intended these words to be superfluous—merely to permit counsel where counsel has always been permitted. We believe the intent was to mitigate the inherent bargaining inequality of certain situations (e.g., this case—the workman in jail and unable to support his family). Certainly to say that representation could be waived in a routine manner would merely cause a standard form waiver to be added to such settlement "agreements" and to become part and parcel of the overreaching.

*Cardin v. Riegel Textile Corp.*, 217 Ga. 797 (125 SE2d 62), and *Argonaut Ins. Co. v. Hix,* 120 Ga. App. 415 (170 SE2d 762), relied upon by the appellee, are distinguishable and are therefore not controlling. Both involved petitions to set aside the award rather than a statutory appeal which must be raised within thirty days under *Code* § 114-710. Also the *Cardin* case was decided prior to the 1963 amendment.

The appellee also contends that under *Code* § 20-906 Williams cannot appeal from the award without first returning the $350 he received under the agreement. We disagree. As we stated above, this is not a suit to rescind a contract but rather a statutory appeal under *Code* § 114-710.

The trial court erred in affirming the award.

*Judgment reversed. Deen and Evans, JJ., concur.*

ARGUED JANUARY 12, 1970—DECIDED JANUARY 30, 1970— REHEARING DENIED FEBRUARY 12, 1970

*Gibson, McGee & Blount, Lamar Gibson, Baker McGee,* for appellant.

*Greer, Sartain & Carey, Jack M. Carey,* for appellees.