## 50024. BOWEN v. SENTRY INSURANCE COMPANY.

CLARK, Judge.

In this workmen's compensation appeal we find it necessary to remand the case to the State Workmen's Compensation Board because the findings of fact were based upon an erroneous legal theory. The mistaken approach was in the treatment of a compromise settlement stipulation. Because our return of this case to the board under the circumstances here existing necessitates a de novo hearing we also deal with those enumerations asserting error in admitting certain hospital records into evidence.

1. The employee sustained a compensable injury on July 19, 1972. The standard form for agreement as to compensation was executed by the parties followed by the board's approval. Then a supplemental memorandum of agreement as to payment of compensation was made upon the employee returning to work, which agreement also received the required approval from the board. Accordingly, all matters contained in both agreements are binding upon the parties.

Thereafter, on November 27, 1972, the employee executed a stipulation agreement with the employer and insurer whereby the parties undertook to make a "compromise settlement of disputed issues and as the full and complete evidence upon which the State Board of Workmen's Compensation may enter an award in final conclusion, termination and disposition of this claim." (R. 12). In this agreement claimant acknowledged existence of an 8% permanent partial disability to the body as a whole and agreed to accept a lump sum settlement of $1,500 in extinguishment of all claims. The parties requested and received approval of this stipulation by the state board, this being granted on December 6, 1972. Presumably such approval was given through inadvertence or oversight because the employee was not represented by an attorney. The 1963 statute amending Code § 114-106 requires both parties to be represented by counsel. Ga. L. 1963, pp. 141, 142.

Shortly thereafter the employee retained an attorney who requested a hearing to determine a change

in condition. At this hearing the deputy director recognized the stipulation was not binding because of the employee not having been represented by counsel. Nevertheless, interrogation of the employee was permitted as to her understanding of the contents of this stipulation. The result was a finding of fact of which one paragraph reads as follows: "I find as a matter of fact from the testimony of the claimant in this case that she affirmed the fact that she voluntarily entered into the stipulation approved by the Board and that although she did not have advice of counsel that she understood the provisions thereof with the exception of a sentence in Paragraph 2 which stated as follows: 'The employer-insurer contend that claimant has experienced chronic muscular discomfort or low-back discomfort since approximately 1954.' And with exception of this sentence, the claimant did not dispute the fact that the stipulation was in full and final settlement of the claim that she has against the defendants." (R. 284).

In the concluding paragraph of his findings of fact the deputy director stated that " . . . the stipulation and agreement previously approved by the board and entered into freely by the parties is res judicata and there has not been a change in condition shown as contemplated by the provisions of the Act sufficient to permit the setting aside of this settlement." (R. 285).

In *Williams v. Bituminous Cas. Co.,* 121 Ga. App. 175 (173 SE2d 250) our court ruled that the board acted in excess of its powers in affirming a settlement agreement in which the claimant was not represented by counsel as required by statute. In so ruling the opinion mentioned the bargaining inequality of the worker vis-a-vis the employer-insurer. That factor exists in this case. Since the lack of counsel made the compromise agreement unenforceable despite the board's approval, the deputy director erroneously gave weight in his findings of fact to the contents of the invalid agreement. As was said in *Ocean Accident &c. Corp. v. Bates,* 104 Ga. App. 621, 624 (122 SE2d 305), "This court cannot say that the deputy director's confusion as to the applicable principles of law did not enter into his decision and improperly influence the findings which he made." One cannot ascertain the

impact of such erroneous legal theory as one measures a bolt of calico.

"Where it affirmatively appears from the award in a workmen's compensation proceeding that said award is based upon an erroneous legal theory, and that for such reason the board or hearing director has not considered all of the evidence in the case in the light of correct and applicable legal principles, the case should be remanded to the board for further findings." *Barbree v. Shelby Mut. Ins. Co.,* 105 Ga. App. 186 (123 SE2d 905) and citations therein.

*Pacific Employers Ins. Co. v. West,* 97 Ga. App. 392 (103 SE2d 130) cited by appellee is not applicable to the instant appeal. There the erroneous legal conclusions did not enter into the findings of fact.

2. As was noted by the superior court judge the hospital records admitted in toto rather than through selected relevant portions were inadmissible because of the presence therein of hearsay, statements of opinion, and similarly objectionable items. "Generally, evidence must be competent, material and relevant to be admissible." 11 E. G. L. 282, Evidence, § 27. As to hospital records generally, see Code Ann § 38-711; *Knudsen v. Dufee-Freeman, Inc.,* 95 Ga. App. 872 (99 SE2d 370); *Meeks v. Lunsford,* 106 Ga. App. 154 (126 SE2d 531); *Cassano v. Pilgreen's, Inc.,* 117 Ga. App. 260 (160 SE2d 439); *Seaboard C. L. R. Co. v. Smalley,* 127 Ga. App. 652 (194 SE2d 612); *Martin v. Baldwin,* 215 Ga. 293 (110 SE2d 344); Green, Georgia Law of Evidence, p. 620, § 314; and 11 E. G. L. 368, Evidence, § 124.

3. The record in this case contains 166 pages of hospital records from two hospitals introduced in toto and without discrimination. Most of this related to five surgical operations performed at Georgia Baptist Hospital between 1963 and 1971. These were respectively a hysterectomy, removal of an ovarian cyst, a gastrectomy for duodenal ulcer, a hemorrhoidectomy, and another ovarian cyst operation. This medical data was in addition to the records on the hospitalization of February 1973 for a ruptured disc.

This mass of material is the result of present day wide-spread use of photocopy machines. Thus, in the

present case the deputy director, the full board, the superior court judge, and the judges on our court were called upon to devote time to perusing page after page after page of hospital records which had nothing to do with our determination of the claim. Examples are items such as anesthesia, operative, post-operative, and recovery room records as well as obviously irrelevent data such as tissue and section reports. Furthermore, as was noted by the superior court judge in passing upon this same record, much of it was blurred and contained illegible hand-writings of which physician's order sheets were typical.

In calling this "paper chase" to the attention of the bar we do not intend to be critical of the lawyers involved in the instant case. They have done only what has become common usage in today's Xerox world. It is our prayer that mention of this Xeroxmania will remind our attorneys that as officers of the court they should remember they have the duty to assist the judiciary. Georgia advocates aid immeasurably through well-argued briefs presenting their extensive research. When undertaking to provide appeal records which advocates wish to be read and studied by the appellate courts, they should be selective and apply the litmus test of relevancy. So mote it be!

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED JANUARY 9, 1975 — DECIDED FEBRUARY 21, 1975.

*Hopkins, Gresham & Whitley, H. Lowell Hopkins,* for appellant.

*Swift, Currie, McGhee & Hiers, Charles L. Drew,* for appellees.