## 52564. INSURANCE COMPANY OF NORTH AMERICA et al. v. PUCKETT.

ARGUED SEPTEMBER 13, 1976 — DECIDED OCTOBER 4, 1976.

*Smith, Cohen, Ringel, Kohler & Martin, Robert L. Kiser,* for appellants.

*W. Scott Walters, Jr.,* for appellee.

DEEN, Presiding Judge.

1. There is sufficient evidence to show a "change of condition" under Code § 114-709, as amended. *Miller v. Argonaut Ins. Co.,* 136 Ga. App. 101 (220 SE2d 89). The appellant further contends that the change of condition was the result of intervening causes. The record demonstrates that the claimant's doctor when asked if there had been any *new* back injuries replied: "The answer is no. I do not find any indications of a new injury or cause from an injury." This is sufficient evidence to demonstrate that the change of condition was ultimately related to the claimant's employment-related injury and not to an intervening cause. *International Ins. Co. v. Whitfield,* 135 Ga. App. 216 (217 SE2d 192).

2. The appellant urges that the board had no power to consider the claimant's application because a prior award approving a settlement had been issued. Ga. L. 1975, pp. 190, 192 (Code Ann. § 114-106). The settlement was made in 1973 however, under former Code Ann. § 114-106, without the claimant being represented by counsel. The agreement was therefore invalid and unenforceable. *Williams v. Bituminous Cas. Co.,* 121 Ga. App. 175 (173 SE2d 250); *Bowen v. Sentry Ins. Co.,* 134 Ga. App. 88 (213 SE2d 185).

3. By separate motion, the appellee moves this court for damages under Code § 6-1801 on the grounds of an appeal for delay only and for attorney fees under Code § 114-712. As to the former, we believe there is enough

question as to the sufficiency of the evidence to militate against the sanction of Code § 6-1801. As to the latter, awarding attorney fees in this case would require an overruling of *Dunn v. Am. Mut. Liab. Ins. Co.*, 64 Ga. App. 509 (13 SE2d 902); *Baggett Transp. Co. v. Barnes,* 113 Ga. App. 58 (147 SE2d 372); and, *Zurich Ins. Co. v. McDuffie,* 117 Ga. App. 90 (159 SE2d 423). This we decline to do. Motion for damages and attorney fees is denied.

*Judgment affirmed. Quillian and Webb, JJ., concur.*