## 55242. BEAM v. FLEET TRANSPORT COMPANY, INC.

BIRDSONG, Judge.

Appellant entered into a contract with appellee to furnish a tractor to supply power for appellee's tank trailers. By agreement appellant was designated an independent contractor and agreed to secure workmen's compensation insurance; however, by a supplemental agreement of the same date, it was agreed that appellee would cover appellant under appellee's blanket policy.

While unloading soybean oil from appellee's truck, appellant fell and injured himself. As a result of this accident, appellant entered into an agreement with appellee's workmen's compensation carrier to receive compensation for his injuries; appellant signed this agreement as an employee of appellee and the agreement was approved by the State Board of Workmen's Compensation. Thereafter, appellant brought suit against appellee, alleging that his fall and injuries were caused by a defectively repaired ladder for which appellee was liable.

Appellee filed a motion for summary judgment attaching to its motion a copy of the compensation agreement signed by the appellant. Appellant filed an affidavit in opposition to said motion and in substance stated that, as to appellee, he was in fact an independent contractor. Appellant also stated that, although his signature (on the compensation agreement) was on the appropriate line, it should have read "insured" rather than "employee," and further, that his signature on the agreement did not affect his status as an independent contractor. The trial court decided that the agreement

entered into between the parties was res judicata and that appellant was an employee of the appellee and entered an order sustaining appellee's motion for summary judgment. *Held:*

1. Enumeration of error no. 1 contends that Code Ann. § 114-103 is unconstitutional, although an attack upon the constitutionality of this section was not made in the trial court. This enumeration of error is without merit. Where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision. *Cauley v. State,* 137 Ga. App. 814, 815 (224 SE2d 794); *Johnson v. State,* 128 Ga. App. 69 (1) (195 SE2d 676); *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762). (Had this issue been properly raised in the trial court, the Supreme Court of this state would have appellate jurisdiction.)

2. Enumeration of error no. 2 disputes the trial court's holding that the agreement entered into between the parties was res judicata. The issue here is one of law and not of fact. An agreement which fixes the compensation between an employer and employee, approved by the board of workmen's compensation, and not appealed, is res judicata as to the matters therein determined and the parties thereafter cannot challenge or contradict the matters embodied in the agreement. *Lumbermen's Mut. Cas. Co. v. Cook,* 195 Ga. 397, 399 (24 SE2d 309); *Hartford Acc. &c. Co. v. Carroll,* 75 Ga. App. 437, 444 (43 SE2d 722); *Globe Indem. Co. v. Reid,* 92 Ga. App. 828 (89 SE2d 905); *Aetna Ins. Co. v. Gipson,* 104 Ga. App. 108, 110 (121 SE2d 256). This enumeration of error has no merit.

3. Enumeration of error no. 3 insists the trial court erred in granting summary judgment for the appellee in that there were genuine issues of fact to be resolved by a jury. The compensation agreement was admitted into evidence and held res judicata as to all relevant issues, leaving no genuine issue of material fact; accordingly, appellee was entitled to summary judgment as a matter of law. *Horton v. City of Atlanta,* 116 Ga. App. 350 (1) (157 SE2d 501); *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580). Enumeration of error no. 3 is without merit.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 30, 1978—DECIDED APRIL 4, 1978 —
REHEARING DENIED APRIL 25, 1978.

*Gilbert L. Stacy, John J. Sullivan,* for appellant.
*Kennedy & Sognier, John T. Woodall,* for appellee.