## 55454. INSURANCE COMPANY OF NORTH AMERICA et al. v. RUTLEDGE.

SHULMAN, Judge.

Rutledge suffered a compensable injury on July 31, 1974. He subsequently entered into an agreement with his employer and its insurer for compensation commencing July 31, 1974. In the Spring of 1975, Rutledge entered into a stipulation with the employer and insurer providing for a $3,400 lump sum settlement of the claim. That stipulation was approved by the State Board of Workmen's Compensation.

Rutledge thereafter retained an attorney who sought additional compensation, eventually requesting a hearing on a change in condition. At that hearing appellants moved for a dismissal, contending that the stipulation approved by the board was res judicata as to all issues and barred the change in condition hearing. That motion was denied on the finding of the administrative law judge that the stipulation was not enforceable since Rutledge was not represented by counsel when he signed it. The award contained further findings that Rutledge was still disabled and was entitled to compensation. The insurer was given credit for 42.5 weeks of compensation at $80 per week (the original award) because of the $3,400 paid under the stipulation. The board's award was appealed to the Superior Court of DeKalb County. That court affirmed the award. The employer and insurer appeal to this court the judgment of the superior court, contending that the board was without authority to set aside the approved stipulation, that there was no evidence of a change in condition, and that there was no finding in the board's award that there had been a change in condition.

1. The first issue to be examined is the validity of the stipulation entered into by the parties and approved by

the board.

After 1963, but prior to 1975, it was necessary that a claimant before the board be represented by counsel if a settlement agreement under Code Ann. § 114-106 was to have the binding effect of res judicata. In *Williams v. Bituminous Cas. Co.,* 121 Ga. App. 175 (173 SE2d 250), this court held that the requirement for counsel was mandatory and nonwaivable. In 1975, however, § 114-106 was amended to delete that requirement. Ga. L. 1975, pp. 190, 192.

The stipulation in this case was entered into after the effective date of that amendment and approved by the board. However, the section of the amending Act containing the effective date reads as follows: "This Act shall become effective April 1, 1975, and shall apply to accidental injuries sustained on and after April 1, 1975 . . ." Ga. L. 1975, pp. 190, 198.

The stipulation recites that Rutledge was injured on July 31, 1974. It shows on its face, therefore, that it is not within the provisions of the amending Act. It follows that the board had no authority to approve the stipulation and that the stipulation had no binding effect.

2. Even so, appellants argue, the State Board of Workmen's Compensation was without jurisdiction to vacate, set aside, or modify a prior award based on an approved agreement in the absence of a change in condition. *Robinson v. Zurich Ins. Co.,* 131 Ga. App. 795 (207 SE2d 209). While that is a correct statement of the law, we do not believe it is applicable here. We find support for the board's action in *Bowen v. Sentry Ins. Co.,* 134 Ga. App. 88 (213 SE2d 185).

In *Bowen,* as here, the parties entered into an agreement for compensation and subsequently entered into a lump sum settlement which was approved by the board. The claimant later retained an attorney who requested a hearing to determine a change in condition. It was from that point that the proceedings in *Bowen* and those in this case differ. There, though recognizing that the stipulation was not binding because of non-representation, the deputy director took evidence on the issue of claimant's understanding of the agreement and concluded that she understood it and voluntarily

entered into it. Based on that finding, the deputy director held that the stipulation was res judicata. The superior court affirmed the award denying compensation, and the claimant appealed to this court.

Based on *Williams,* supra, this court held that "Since the lack of counsel made the compromise agreement unenforceable despite the board's approval, the deputy director erroneously gave weight in his findings of fact to the contents of the invalid agreement." *Bowen,* supra, p. 89.

In the present case, the board was faced with the same situation, but did not make the same mistake. Had the board given res judicata effect to the invalid stipulation, we would have had to reverse, as in *Bowen.* It did not, and we find no error in the board's treatment of the unenforceable lump sum agreement.

3. Appellants insist that a finding of a change in condition was necessary before the board could modify the award and that there was no such finding. We agree that there was no finding of a change in condition, but not that the award was modified. Since the board found that the lump sum settlement was invalid, a finding we endorsed in Division 1, the only valid award remaining in the case was the original award entered after the accident in 1974. The effect of the award involved here was no more than an affirmation of the first award (which was consistent with a finding that there has been no change in condition) and a determination that the $3,400 lump sum award would be considered as 42.5 weeks of compensation. The award appealed from imposes no greater liability on appellants than the original award under which appellants should have been making payments all along. We find no error, no harm to appellants, and no reason for reversal.

4. Since we agree with appellants' contention that there was no finding of a change in condition, we need not address their claim that there was no evidence of a change in condition.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 27, 1978 — DECIDED APRIL 28, 1978 — REHEARING DENIED MAY 17, 1978 —

*Smith, Cohen, Ringel, Kohler & Martin, Williston C. White,* for appellants.

*Katz, Paller & Land, Stanley C. Coker,* for appellee.