63306. GEORGIA CASUALTY & SURETY COMPANY v. RANDALL.

POPE, Judge.

Appellant Georgia Casualty & Surety Company filed this action in the Superior Court of Evans County against appellee George Allen Randall to recover $18,081.30 in workers' compensation benefits. Appellant asserted that these benefits were paid to appellee during a period of time in which appellee was not entitled to such benefits. Appellant brings this appeal from the trial court's grant of appellee's motion for judgment on the pleadings.

The facts of this case are essentially without dispute. Appellee was injured during the course of his employment on April 8, 1975 and began receiving weekly income benefits from appellant on April 17, 1975 pursuant to an agreement as to compensation, Form No. 16. Appellee is employed by Randall-Lewis Lumber Company; he is co-owner and vice president of the company. Appellant requested an administrative hearing to determine a change in condition based upon its contention that after having been injured, appellee received a salary from the lumber company for the performance of certain executive functions. Appellee contended that this amount was a loan and not a salary. A hearing on this issue was held before an administrative law judge (ALJ) on August 22, 1978. On October 20, 1978 the ALJ made an award which found that appellee had been overpaid by receiving compensation from appellant in addition to salary from his employer. Appellant was authorized to cease compensation payments, but the matter of appellee repaying appellant for the overpayments was not addressed. No appeal was taken from this award.

Appellant filed its complaint in superior court on June 11, 1980, seeking recovery of the amount paid to appellee as weekly income benefits between April 17, 1975 and October 20, 1978. Appellee answered, declining to repay any amount to appellant. Both parties moved for judgment on the pleadings. Appellant contended that

appellee had received the overpayments and had admitted his refusal to repay. Appellee contended that the matter was res judicata because the ALJ had not ordered repayment and appellant did not appeal the award.

The doctrine of res judicata is applicable to awards of an administrative law judge of the State Board of Workers' Compensation (hereinafter "Board") on all questions of fact in matters in which the Board has jurisdiction. *Woods v. Delta Air Lines,* 237 Ga. 332 (227 SE2d 376) (1976); Code Ann. § 114-707 (f). "In order for the doctrine of res judicata to apply, or for a party to take advantage of the doctrine in a subsequent suit brought against him after the termination of the first, there are three prerequisites to which the situation must conform. They are: (1) identity of parties; (2) identity of the cause of action; and (3) adjudication by a court of competent jurisdiction. All of these elements must concur." *Lewis v. Price,* 104 Ga. App. 473, 474 (122 SE2d 129) (1961). The parties in the case at bar are the same as those at the administrative hearing. Furthermore, the subject matter of both actions is the same, viz., overpayments of income benefits. See generally *Cooper v. Public Fin. Corp.,* 146 Ga. App. 250 (1) (246 SE2d 684) (1978). Therefore, we direct our attention to the remaining element of res judicata — adjudication by a court of competent jurisdiction.

The State Board of Workers' Compensation is an administrative body possessing only the power conferred upon it by statute to administer the workers' compensation act. *Wilson v. Maryland Cas. Co.,* 71 Ga. App. 184 (1) (30 SE2d 420) (1944). Effective July 1, 1978 the act was amended to provide the Board and its ALJs with the discretion to order an employee to repay the full amount of any overpayments of income benefits. Ga. L. 1978, pp. 2220, 2234 (Code Ann. § 114-709 (d)(2)). Prior to that time the Board had no such power, and the matter of repayment of overpayments must have been brought in a court of competent jurisdiction. *Seaboard Fire &c. Ins. Co. v. Smith,* 146 Ga. App. 893 (247 SE2d 607) (1978); *Fireman's Fund Ins. Co. v. Crowder,* 123 Ga. App. 469 (181 SE2d 530) (1971); see also *Moon v. Starnes,* 17 Ga. App. 679 (2) (87 SE 1091) (1915).

Section 17 of the 1978 statute amending the workers' compensation act provides that ". . . insofar as any provision of the Act creates a substantive right, it shall apply to any accident or injury occurring on or after July 1, 1978. In all other respects, it shall apply to any action taken on or after July 1, 1978, without regard to the date of accident or injury." Ga. L. 1978, pp. 2220, 2236. Appellant contends that the 1978 statute created a substantive right in the employer and/or insurer which had not previously existed. We disagree. "Substantive law" is defined as "[t]hat part of the law which

creates, defines, and regulates rights, as opposed to 'adjective or remedial law,' which prescribes method of enforcing the rights or obtaining redress for their invasion." Black's Law Dictionary 1598 (4th ed. 1968). Appellant's complaint in the case at bar is in the nature of an action for money had and received. See generally *Jasper School District v. Gormley,* 184 Ga. 756 (193 SE 248) (1937). Since such an action existed well before the enactment of the 1978 statute (see *Seaboard Fire &c. Ins. Co. v. Smith,* supra), no substantive right was created thereby. Rather, the 1978 statute merely provided the Board as a forum in which an action such as the one in the case at bar could be litigated; i.e., the statute extended the Board's jurisdiction to include the power to adjudicate the rights and liabilities of the parties as to repayment of income benefits where the Board has determined that overpayments have been made. Ga. L. 1978, pp. 2220, 2233-2234 (Code Ann. § 114-709). Since this portion of the statute did not create a substantive right, but rather was a "remedial" matter, it was applicable to the administrative action brought by appellant and heard on August 22, 1978. Ga. L. 1978, pp. 2220, 2236; see *Hart v. Owens-Illinois,* 161 Ga. App. 831 (289 SE2d 544) (1982); see also *Ins. Co. of N. A. v. Henson,* 150 Ga. App. 788 (258 SE2d 706) (1979). Compare *Ins. Co. of N. A. v. Rutledge,* 146 Ga. App. 35 (1) (245 SE2d 328) (1978). Therefore, the Board was competent to make a determination as to the matter of repayment.

"A judgment is conclusive as to all matters put in issue, or which under the rules of law might have been put in issue on the trial of the case." *Doyle v. United Fin. Co.,* 97 Ga. App. 257 (1a) (102 SE2d 637) (1958); *Beam v. Fleet Transp. Co.,* 145 Ga. App. 726 (2) (244 SE2d 582) (1978). The subject workers' compensation award makes no reference whatsoever to the issue of repayment of overpayments, yet it is clear from our discussion that the ALJ could have adjudicated this issue under present Code Ann. § 114-709. "While it is true that if the matter in the pending case was not in fact litigated in the former suit, yet if it could and should under the rules of pleading have been there adjudicated, it is res judicata . . ." *Jones v. Schacter,* 31 Ga. App. 709 (3) (121 SE 691) (1924).

The sum and substance of the doctrine of res judicata is that a matter once judicially decided is finally decided. 50 CJS 11, Judgments, § 592; see *Lexington Developers v. O'Neal Const. Co.,* 143 Ga. App. 440 (238 SE2d 770) (1977). "Needless to say the doctrine must be judiciously applied. While it should not be applied so restrictively as to deny a party his day in court, neither should it be applied so liberally as to allow a party several opportunities to litigate the same claim." Battle v. Cherry, 339 FSupp. 186, 191 (N. D. Ga. 1972); American Province &c. Corp. v. Metropolitan Utilities Dist.,

178 Neb. 348 (133 NW2d 466) (1965).

The clear language of the 1978 statute amending the workers' compensation act expanded the jurisdiction of the Board to include the power to order an employee to repay to an insurer any amount determined to be overpayments of income benefits. The effect of this amendment is to economize on the number of actions necessary to finally resolve all the issues presented in an overpayment situation by eliminating the need for an insurer (or employer) to bring a second action in a different forum in order to recover the amount of the overpayment. Since appellant in this case had the opportunity to litigate the repayment issue at the administrative hearing but failed to do so, that issue is res judicata.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 10, 1982.

*James T. McDonald, Jr., Douglas A. Bennett,* for appellant. *Ronald W. Hallman,* for appellee.