40080.   GENTRY v. GEORGIA CASUALTY
& SURETY COMPANY et al.

DECIDED MAY 2, 1963—
REHEARING DENIED MAY 20, 1963, AND JUNE 12, 1963.

*Wade H. Leonard,* for plaintiff in error.

*Wilson, Branch, Barwick & Vandiver, M. Cook Barwick, Thomas S. Bentley,* contra.

FELTON, Chief Judge. 1. The effect of the award in this case is to award compensation at 15% loss of use of an arm beginning as of the date of the injury, with credit allowed for all weeks already paid. There is no authority of law for such a retroactive award on a hearing for change in condition. With reference to an award of compensation or an approved agreement this court has repeatedly held that such award or agreement is res judicata that the amount of the award or agreement is owed the employee until the award or agreement is changed in a manner prescribed by law. *Pacific Employers Ins. Co. v. Shoemake,* 105 Ga. App. 432 (2) (124 SE2d 653) and cases cited; *Sanders v. American Mut. &c. Co.,* 105 Ga. App. 472 (1) (124 SE2d 923) and cases

cited. *The rule is the same whether general disability or injury to specific member alone is involved.* This court has not had occasion to rule on this specific question except in *Continental Cas. Co. v. Haynie,* 51 Ga. App. 650 (181 SE 126), and *Travelers Ins. Co. v. Reid,* 54 Ga. App. 13 (186 SE 887). In the *Reïd* case the court ruled that the judgment remanding the case was the law of the case. It is not the law generally. The Supreme Court has clearly and unequivocally settled the exact question in *Liberty Mut. Ins. Co. v. Clay,* 180 Ga. 294 (1) (178 SE 736), and *Continental Cas. Co. v. Haynie,* 182 Ga. 608 (186 SE 683). A reading of these cases will leave no doubt on the subject. The board erred in not approving the payment of the agreed compensation until the duty to pay under the agreement was changed as provided by law to take effect as provided by law. It is not necessary to rule on some of the other contentions made. The evidence authorized the finding that the employee had improved so that he only had a 15% loss of use of his arm. While the award used the words "permanent partial disability" to the arm this expression is construed to mean permanent partial loss of use of the arm. The shoulder, as we construe the law, is not a part of the arm. The findings were authorized that the only trouble with the employee's shoulder was temporary and was due to the immobility of the shoulder while the arm was in a cast and that there was no superadded compensable injury due to injury to the shoulder. The contention that the deputy director should have participated in the review by the board is without merit. There is no such provision of law.

The judgment is reversed with direction that the case be remanded to the board with direction that an award be made not inconsistent with this opinion.

*Judgment reversed with directions. Eberhardt and Russell, JJ., concur.*