## 72173. CALDWELL et al. v. PERRY.
(347 SE2d 286)

Carley, Judge.

Appellee-employee suffered an injury when she fell from a ladder while in the course of her employment by appellant-employers. The injury occurred on July 17, 1982. On September 9, 1982, appellants terminated appellee's employment. Apparently, at the time of her termination, appellee had various claims against appellants which were in no way connected with her fall and injury. On October 18, 1982, appellee signed a document which contained language indicative of a general release as to appellant Rondinelli. The document did not specify that a claim for an injury arising out of and in the course of appellee's employment was among those settled. Appellee received $1,500 for and in consideration of her execution of the release. Appellee subsequently filed a claim for workers' compensation benefits. In the administrative law judge's (ALJ) award of May 16, 1983, appellants were ordered to pay appellee the following compensation: medical expenses and a stated dollar amount of income benefits "for the period from September 15, 1982 to November 10, 1982; [another stated dollar amount] for the period from November 11, 1982 through December 22, 1982; [another stated dollar amount] per week for the period from December 23, 1982 through March 1, 1983; and [another stated dollar amount] per week . . . commencing March 1, 1983 and continuing until modified or terminated in accordance with the law." Insofar as is relevant to this appeal, the award of May 16, 1983 was adopted by the Full Board and ultimately affirmed by the superior court. After affirmance of the award by the superior court, appellants undertook to pay the accrued compensation as specified in the award. However, they withheld a $1,500 "credit" which they contended was authorized because that sum had been paid to appellee in exchange for her execution of the general release.

Thereafter, appellee sought another hearing as to a change in her condition and the issue of the $1,500 that had been withheld by appellants. The ALJ found that there had been a change in appellee's condition and made an award accordingly. The ALJ also found that appellants had wrongfully taken the credit of $1,500 from the compensation due to appellee under the previous award and assessed a penalty of 20% thereon, together with interest. Appellants were further ordered to pay the State Board of Workers' Compensation a civil penalty of $500 for their failure to follow the terms of the previous award. This award was again adopted by the Full Board and affirmed by the superior court. Appellants' application for discretionary appeal was granted and the instant appeal results.

1. Appellants first contend that the language of the release executed by appellant is broad enough to bar her from pursuit of a workers' compensation claim. "No contract or agreement, written, oral, or implied, nor any . . . other device shall in any manner operate to relieve any employer in whole or in part from any obligation created by this chapter except as otherwise expressly provided in this chapter." OCGA § 34-9-10. OCGA § 34-9-15 provides the sole method by which claims arising under the Workers' Compensation Act may be settled. Under that section, settlements must provide for payments in the time and manner specified in the Workers' Compensation Act and must be filed with and approved by the State Board of Workers' Compensation. The instant release was never submitted to or approved by the Board. Accordingly, as to any claim by appellee for workers' compensation benefits, it is void and has no effect. See generally *Tillman v. Moody*, 181 Ga. 530 (182 SE 906) (1935). This is true regardless of whether a workers' compensation claim is pending or contemplated when the settlement is attempted. See generally *Rickets v. Tri-State Systems*, 177 Ga. App. 509, 510 (2) (339 SE2d 732) (1986). Moreover, the original award is res judicata as to the compensability of appellee's injury under the Workers' Compensation Act and appellants were not even entitled to raise that issue by reliance upon the release in the context of the change of condition hearing. See generally *Rhindress v. Atlantic Steel Co.*, 71 Ga. App. 898 (32 SE2d 554) (1944).

2. Appellants next contend that, even if the release did not operate to bar the claim itself, OCGA § 34-9-243 entitled them to a "credit" for the full $1,500 paid to appellee.

It does not appear that at any time prior to the *original* award of compensation to appellee, the issue of a $1,500 "credit" was ever effectively raised by appellants. Only *after* the award became final did appellants make the unilateral decision that they would take a $1,500 credit against the compensation that had been awarded. "[T]he award is res judicata as to the issues raised or which should have been

raised at the hearing, and . . . it becomes effective as of its date." *Carriers Ins. Co. v. McConnell*, 141 Ga. App. 44, 45 (232 SE2d 606) (1977). The original award specified an amount of compensation which was to be paid appellee. "With reference to an award of compensation . . . this court has repeatedly held that such award . . . is res judicata that the amount of the award . . . is owed the employee until the award . . . is changed in a manner prescribed by law. [Cits.]" *Gentry v. Ga. Cas. &c. Co.*, 107 Ga. App. 888, 889 (131 SE2d 788) (1963). "An award affirmed upon appeal is res judicata as to the obligation of the employer to pay compensation thereunder. . . ." *West Point Pepperell v. Springfield*, 140 Ga. App. 530, 531 (231 SE2d 811) (1976). "When the employer fails to obey and follow a lawful award he does so at his own peril. . . ." *City of Hapeville v. Preston*, 67 Ga. App. 350 (3) (20 SE2d 202) (1942). "After the first award, . . . the employer can not reli[e]ve himself of liability . . . by payments not in accord with the awards of the [Board]." *City of Hapeville v. Preston*, supra at 356. Accordingly, the requirement that appellants pay appellee the $1,500 plus an additional 20% of that amount was correct. OCGA § 34-9-221 (f).

Appellants also seemingly assert that it was error to fail to give them a credit for the $1,500 as against the future compensation that was awarded to appellee as the result of her change of condition. In the first instance, it would appear that *any* issue regarding appellants' entitlement to a "credit" based upon the October, 1982 agreement could and should have been raised in the context of the proceedings regarding the *original* award of May 16, 1983. Compare OCGA § 34-9-104 (d) (2). " 'A judgment is conclusive as to all matters put in issue, or which under the rules of law might have been put in issue on the trial of the case.' [Cits.] The [original] workers' compensation award makes no reference whatsoever to the issue of [a "credit"], yet it is clear from our discussion that the ALJ could have adjudicated this issue under [OCGA § 34-9-243]. 'While it is true that if the matter in the pending case was not in fact litigated in the former suit, yet if it could and should under the rules of pleading have been there adjudicated, it is res judicata . . .' [Cit.]" *Georgia Cas. &c. Co. v. Randall*, 162 Ga. App. 532, 534 (292 SE2d 118) (1982).

Furthermore, even assuming that appellants were entitled to raise the issue, it does not appear that they ever made an adequate showing as to what portion, if any, of the $1,500 might have qualified as a "credit" under OCGA § 34-9-243. As indicated previously, at the time appellee's employment was terminated on September 9, 1982, she apparently had pre-existing contractual claims against appellants which were not connected with her fall and injury. She became disabled on September 15, 1982. To the extent that the $1,500 payment in October of 1982 was intended to settle appellee's pre-termination

non-injury claims rather than to constitute a payment of post-disability "weekly benefit[s]," appellants clearly would not be entitled to a credit under OCGA § 34-9-243. See generally *Southern Bell Tel. &c. Co. v. Hodges*, 164 Ga. App. 757, 762 (4) (298 SE2d 570) (1982). Accordingly, even assuming that the issue of a "credit" was cognizable in the instant proceedings, there is no basis for holding that, on the record before us, appellants were entitled to a $1,500 credit as against appellee's award of future benefits based upon her change in condition.

3. Appellants assert that the change of condition award is not supported by any evidence. The evidence clearly authorized the finding that appellee had undergone an economic change in condition as the result of her compensable injury. See generally OCGA § 34-9-104 (a); *Georgia Power Co. v. Brown*, 169 Ga. App. 45 (311 SE2d 236) (1983).

4. Appellants enumerate as error the affirmance of the assessment of a penalty against them. Pursuant to OCGA § 34-9-18 (a), the penalty was assessed for appellants' failure to file a form which they had been ordered to file. Subsection (b) of OCGA § 34-9-18 provides that any penalty assessed under subsection (a) of that code section "shall be final unless within ten days of the date of the assessment the employer or insurer files a written request with the board for a hearing on the matter." The penalty against appellants was assessed on October 29, 1984. Their request for review is dated November 20, 1984. The request not having been timely filed, the Board did not err in refusing to entertain it and the superior court did not err in affirming the penalty.

5. Appellants' further contentions that the change of condition award is erroneous have been considered but none has been found to warrant reversal.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 18, 1986 —
REHEARING DENIED JULY 8, 1986 —

*G. Gerald Kunes*, for appellants.
*Joseph B. Gray*, for appellee.