A94A0033. GADDIS v. GEORGIA MOUNTAIN CONTRACTORS et al.
(443 SE2d 710)

JOHNSON, Judge.

Robert Gaddis injured his right eye in 1977 while employed by Georgia Mountain Contractors (GMC). Liberty Mutual Insurance Company, GMC's workers' compensation insurance carrier, paid Gaddis, among other things, $11,875 for 100 percent permanent partial disability to the eye. In 1986, Gaddis underwent a successful corneal transplant, which significantly improved his eyesight to the point that he was able to read with his right eye. In 1988, Gaddis sustained a second on-the-job injury when a nail struck his right eye. This injury caused the corneal implant to fail and Gaddis once again lost the use of his right eye.

Gaddis applied for 100 percent permanent partial disability benefits for the second eye injury. The administrative law judge (ALJ) entered an interlocutory order, directing GMC and Liberty to show cause why the requested benefits should not be paid. Liberty re-

sponded to that order by showing that it had filed a notice of payment form with the State Board of Workers' Compensation which indicated that Gaddis was entitled to 100 percent permanent partial disability benefits for the eye injury at the rate of $175 per week for 150 weeks, and that it had already made the first payment. Based on this showing, the ALJ entered an award on June 15, 1990, finding that Gaddis was entitled to 100 percent permanent partial disability benefits. On October 4, 1990, the board adopted the ALJ's award. GMC and Liberty never appealed from this 1990 award to the superior court.

Approximately two years later, and after having made permanent partial disability payments to Gaddis totaling $20,825, Liberty suspended payment and filed a motion requesting that Gaddis be ordered to reimburse the full amount paid because it had previously paid 100 percent permanent partial disability benefits for the first right eye injury sustained in 1977. In October 1992, the ALJ granted Liberty's motion, finding that Gaddis is not entitled to the benefits awarded in 1990 and directing him and his attorney to reimburse Liberty. In 1993, the board adopted the ALJ's order and the superior court affirmed the board's ruling. This court granted Gaddis' application for discretionary review.

1. Gaddis challenges the authority of the board to modify the 1990 award more than two years after it was made. Although the board does not refer to its 1993 ruling as a modification of the 1990 award, the plain effect of that ruling is to completely reverse the 1990 award. "[T]he State Board of Workers' Compensation has no continuing jurisdiction over its awards except to determine a change in condition. The board is an administrative body and it possesses only the jurisdiction, power, and authority granted to it by the legislature. Only within the time period for appealing an award to the full board may the board or its members reconsider, amend, or revise the award to correct apparent errors and omissions." (Citations and punctuation omitted.) *McGinty v. Alfred L. Simpson & Co.*, 188 Ga. App. 718, 719-720 (374 SE2d 217) (1988). In the present case, the board did not reconsider and modify the 1990 award based on any change in condition; rather, it did so based solely on the finding that prior to 1990 Gaddis had already recovered the full amount of permanent partial disability payments available for his injured right eye. The board had no authority to modify the 1990 award two years later on this basis. When the ALJ's award was timely appealed to the board in 1990, it could have reversed the award on this basis, but it instead adopted the award. See OCGA § 34-9-103. Because GMC and Liberty never appealed from the board's 1990 award to the superior court, that award became a final and binding judgment. See OCGA § 34-9-105. The doctrine of res judicata bars the board's current attempt to mod-

ify that final judgment. *McGinty*, supra at 719; *Caldwell v. Perry*, 179 Ga. App. 682, 683-684 (2) (347 SE2d 286) (1986); *Ga. Cas. &c. Co. v. Randall*, 162 Ga. App. 532 (292 SE2d 118) (1982). The lower court therefore erred in affirming the board's decision modifying the 1990 award.

2. Because of our ruling in Division 1, we need not address Gaddis' remaining enumerations of error.

*Judgment reversed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MAY 3, 1994.

*Siler & Associates, Timothy A. Siler, Randolph W. Carter,* for appellant.

*Hines & Head, Michael D. Usry,* for appellees.