A97A1497. WEBB v. CITY OF ATLANTA.
(491 SE2d 492)

RUFFIN, Judge.

We granted claimant Ronald Webb a discretionary appeal in this workers' compensation case. In September 1994, an administrative law judge ("ALJ") ordered the City of Atlanta to pay temporary total disability benefits to Webb, a city employee injured on the job. The

City did not appeal that order, but in May 1995 it unilaterally suspended the payments. City officials reasoned that because Webb had received benefits under a city-sponsored disability plan during the entire time he received workers' compensation benefits, the City was entitled to a credit for the workers' compensation benefits paid out and, as a result, no longer had to pay the benefits the ALJ had awarded in 1994. Both the ALJ and the appellate division of the State Board of Workers' Compensation ("Appellate Division") rejected the City's argument. The ALJ found the City had proven no change in condition. Noting that the City had not raised the credit issue during the hearing which resulted in the September 1994 award, the ALJ found the unappealed September 1994 award res judicata on the issue of any set-offs or "credits" for disability plan payments. The Appellate Division agreed; however, the superior court reversed, finding the doctrine of res judicata inapplicable and the City entitled to a credit for disability payments. It remanded the matter for a determination of the amount of that credit. For reasons which follow, we reverse the superior court's judgment.

1. The ALJ and Board correctly applied this Court's precedents regarding res judicata to this workers' compensation case. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or *which under the rules of law might have been put in issue* in the cause wherein the judgment was rendered until the judgment is reversed or set aside." (Emphasis supplied.) OCGA § 9-12-40. " '(T)he State Board of Workers' Compensation has no continuing jurisdiction over its awards except to determine a change in condition. . . . Only within the time period for appealing an award to the full board may the board . . . reconsider, amend, or revise the award to correct apparent errors and omissions.' [Cit.]" *Gaddis v. Ga. Mountain Contractors*, 213 Ga. App. 126, 127 (1) (443 SE2d 710) (1994).

If the City of Atlanta had raised the disability plan payments in the hearing which led to the September 1994 award, it could have obtained a credit from those payments. See OCGA § 34-9-243 (a). We also find it should have raised that issue in the September 1994 hearing. See OCGA § 34-9-243 (e) and State Board of Workers' Compensation Rule 243, providing for notice of an employer's intent to take a credit against workers' compensation benefits. However, the City's attempt to "correct" its error over a year later, by unilaterally suspending payments awarded by the ALJ, was improper. "It does not appear that at any time prior to the [September 1994] award of compensation to [Webb], the issue of a . . . 'credit' [for disability plan payments] was ever effectively raised by [the City]. Only *after* the award became final did [the City] make the unilateral decision that [it] would take a . . . credit against the compensation that had been

awarded. The award is res judicata as to the issues raised or which should have been raised at the hearing. . . ." (Citations and punctuation omitted; emphasis in original.) *Caldwell v. Perry*, 179 Ga. App. 682, 683-684 (2) (347 SE2d 286) (1986).

The res judicata effect extends to prospective workers' compensation benefits as well as those the City previously paid pursuant to the September 1994 award. When the ALJ made the 1994 award of temporary total disability payments "from October 1, 1992 through the present *and continuing,*" OCGA § 34-9-261 established that those payments would be made for a maximum of 400 weeks. This finding is clarified by the ALJ's approval of Webb's attorney fee contract, which provided that counsel would receive 25 percent of the award out of "400 weekly benefits." At that point, barring a subsequent change in condition, the weekly benefits were scheduled and payable. An unappealed award of total disability payments "is res judicata as to the existence of such disability *and the compensation due thereunder.*" (Emphasis supplied.) *Pacific Employers Ins. Co. v. Shoemake,* 105 Ga. App. 432 (2) (124 SE2d 653) (1962). The City knew Webb would be entitled to disability benefits during the period for which Webb sought workers' compensation benefits. Therefore, if the City had any contention that it would be entitled to a credit against *any part* of those 400 weekly payments, it was required by the reasoning of *Caldwell,* supra, to raise that issue before the ALJ made the September 1994 award.

2. The superior court found that the payment of disability benefits could constitute a "change in condition" authorizing the ALJ to modify the September 1994 award. We disagree.

The applicable statute, OCGA § 34-9-104 (a), defines a "change in condition" to mean "a change in the *wage-earning capacity*, physical condition, or status of an employee . . . , which change *must have occurred after the date on which the wage-earning capacity, physical condition, or status of the employee or other beneficiary was last established by award or otherwise.*" (Emphasis supplied.) The burden was on the City to prove Webb's economic condition had improved to the point that a modification of benefits was appropriate. See *Johnson Controls v. McNeil*, 211 Ga. App. 783, 785 (1) (440 SE2d 528) (1994). Furthermore, " '[i]t is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board.' [Cits.]" *Southwire Co. v. Molden,* 223 Ga. App. 389, 390 (477 SE2d 646) (1996).

The ALJ found no change in Webb's physical condition or wage-earning capacity since the 1994 award. Although the superior court found that increases in disability plan payments could constitute

improvements in economic condition, neither it nor the City has cited any authority showing such payments affect a claimant's *wage*-earning capacity. Furthermore, these disability payments do not constitute a change in Webb's "status as an employee," as the City's new contentions merely "[show] a status that existed from the inception of this claim." *Spiva v. Union County*, 172 Ga. App. 151, 153-154 (2) (322 SE2d 351) (1984). The ALJ properly found no change in condition.

Because the ALJ's award was supported by evidence and was based on a proper interpretation of the law, we reverse the superior court's judgment.

*Judgment reversed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 27, 1997 — 

*Timothy V. Hanofee*, for appellant.
*Clifford E. Hardwick IV, Bruce P. Johnson*, for appellee.