A99A2342. HANSCHE v. CITY OF ATLANTA POLICE DEPARTMENT.
(530 SE2d 512)

MILLER, Judge.

The State Board of Workers' Compensation awarded Naomi M. Hansche temporary partial disability (TPD) benefits arising out of an injury she received while working for the City of Atlanta Police Department. After the Board modified the award to comply with a

---

mandate from the superior court to account for credits required by OCGA § 34-9-243 (a), she petitioned the superior court to enter a judgment in the amount of the reduced award. The court declined, finding the Board's decision unclear as to the amount of the credit. The question on appeal is whether a Board decision directing that a credit ($300 per week for nine weeks) be applied to reduce TPD benefits awarded in an earlier order is sufficiently clear to require a superior court to enter a judgment in the amount of the awarded benefits less $2,700. We hold that it is and reverse.

The operative facts are undisputed. Hansche, a City of Atlanta police officer, held a second job as a security officer. After she injured her shoulder in the course of her City employment, she was diagnosed with a traumatic degenerative joint disease in her left shoulder, and an administrative law judge (ALJ) for the Board concluded that she could not perform any active motion with her left arm.

Following her injury Hansche returned to work for the police department in the "911" communication center at her same pay. She did not return to her second job, and the ALJ found that her injuries prevented her from performing anything more than her light-duty work with the City. Due to her disability, Hansche intermittently did not work at all for a total of about nine weeks, during which time the City nevertheless paid her her full salary under its "injured on the job" program. Her full salary exceeded by $300 per week the benefits she would have been due as total disability.

For those weeks when Hansche did work at the "911" job through the present, the ALJ awarded Hansche TPD benefits of $182.64 per week to account for the loss of income from her second job. Attorney fees were also awarded. The ALJ also gave the City a $300 per week credit for the nine weeks the City paid Hansche's full salary when she was entitled to temporary *total* disability income benefits. But the ALJ concluded that the City was not entitled to any credit during the time Hansche was entitled to TPD income benefits.

The Board confirmed the award but added a paragraph to the ALJ's award to expressly incorporate the ruling that the credit did not apply to offset the TPD benefits awarded. On appeal the superior court reversed and remanded, holding that the credit should be applied to offset the TPD benefits as well. On remand the Board complied, ruling that the nine $300 excess payments applied as a credit "to the temporary partial disability benefits awarded to the employee and future weekly benefits." Neither Hansche nor the City appealed this modified award to the superior court.

Hansche subsequently demanded payment of the TPD benefits (reduced by the $2,700), but the City declined, arguing that the salary paid to Hansche during the time she actually worked at the "911" job should *also* be credited against the TPD benefits. Hansche filed in

superior court a Petition for Entry of Judgment under OCGA § 34-9-106 and requested (in an amendment) a net judgment of $25,771.14 in TPD benefits, attorney fees, and penalties due, after allowing a credit to the City of $2,700. The superior court denied Hansche's petition on the ground that the Board award was unclear as to the amount of the credit, and Hansche filed this direct appeal.[1]

Hansche's sole enumeration of error is that the superior court erred in denying her Petition for Entry of Judgment. OCGA § 34-9-106 is the mechanism for transforming a Board award into an enforceable judgment. The role of the superior court is very narrow and is limited to rendering judgment on the award and notifying the parties, unless the award, on its face, is legally insufficient.[2]

Here the award was legally sufficient. The credit due the City was $2,700 (nine weeks of $300 in excess payments) to be offset against the TPD benefits. The Board referenced no other offsets or credits. We discern nothing unclear or indefinite about this award or credit. By failing to appeal the Board's award, the City has waived any new argument[3] that it is due an additional credit for the salary it has been paying Hansche for performing her "911" job.[4] As this issue of an additional credit could and should have been raised before the Board, the Board's unappealed award resolves the issue against the City as a matter of res judicata.[5]

Because the Board's award was for an amount certain and clearly incorporated the superior court's directions on remand, the court erred in denying the amended Petition for Entry of Judgment. We reverse and remand the case for the superior court to enter judgment as demanded in the amended petition.

*Judgment reversed and case remanded with direction. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 6, 2000 — ▮

---

[1] *Kingery Block &c. Co. v. Luttrell*, 174 Ga. App. 481, 482 (330 SE2d 181) (1985) (order issued under OCGA § 34-9-106 subject to direct rather than discretionary appeal).

[2] *Wade v. Harris*, 210 Ga. App. 882, 885 (1) (437 SE2d 863) (1993); *City of Hapeville v. Preston*, 67 Ga. App. 350, 357 (20 SE2d 202) (1942) (the superior court is to enforce, not change, the award).

[3] We do not rule on whether this argument is meritorious.

[4] See *Savannah Lumber Co. v. Burch*, 165 Ga. 706, 709 (142 SE 83) (1928) (employer's waiver of objection to enforcement of award may be inferred from failure to appeal); *Lil Champ Food Stores v. Dept. of Transp.*, 230 Ga. App. 715, 718 (4) (498 SE2d 94) (1998) (failure to appeal condemnation action waives issue of business losses).

[5] *Webb v. City of Atlanta*, 228 Ga. App. 278, 279-280 (1) (491 SE2d 492) (1997); *Caldwell v. Perry*, 179 Ga. App. 682, 683-684 (2) (347 SE2d 286) (1986).

*Dietrick, Evans, Scholz & Williams, William P. Evans,* for appellant.

*Bruce P. Johnson, Susan P. Langford,* for appellee.