A06A1197. VOUGHT AIRCRAFT INDUSTRIES, INC. et al.
v. FAULDS.
(636 SE2d 75)

MILLER, Judge.

Following the initial hearing of this workers' compensation case in April 2002, an administrative law judge ("ALJ") found that Brian T. Faulds had suffered a compensable injury to his right elbow while employed by Vought Aircraft Industries, Inc. ("Vought") and awarded Faulds $375 per week in temporary total disability benefits. No appeal was taken from the award.

Pursuant to Faulds' request, the State Board of Workers' Compensation (the "Board") designated Faulds' injury as catastrophic in March 2003. Vought requested a further hearing two years later, seeking a change in Faulds' condition, a redesignation of Faulds' injury, and consideration of its claim for a credit under OCGA § 34-9-243. After a 2005 hearing on the request, a second ALJ denied Vought's request for a change in condition, declined to redesignate Faulds' catastrophic injury, and ruled that res judicata barred Vought from claiming any credit for 20 weeks of wages already paid to Faulds. Finding the res judicata doctrine to be inapplicable, the Appellate Division of the Board (the "Appellate Division") reversed the second ALJ's judgment. The Superior Court of Houston County thereafter reversed the portion of the Appellate Division's ruling on the res judicata issue, and held, as the second ALJ had, that res judicata did in fact bar Vought's claim for a credit. Upon discretionary review, Vought contends that the superior court erred in concluding that res judicata foreclosed its claim for a credit. Discerning no error, we affirm.

OCGA § 9-12-40 provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." Here, the record shows that as the original hearing began, the first ALJ ruled that she would not hear Vought's request for a credit pursuant to OCGA § 34-9-243 as to certain wages paid to Faulds because the request was untimely filed on the date of the hearing.

Board Rule 243 requires that when seeking credit/reimbursement pursuant to OCGA § 34-9-243, the employer *shall* file Form WC 243 with the Board, and send a copy to all counsel and unrepresented parties immediately upon seeking credit, and "no later than 10 days prior to a hearing." When the credit issue is not timely raised prior to the original hearing, a future attempt to raise the issue after the initial award has been rendered is barred by res judicata. See *Webb v. City of Atlanta*, 228 Ga. App. 278, 280 (1) (491 SE2d 492) (1997).

Vought's pleadings indicate that it knew Faulds would be entitled to disability payments during the period he received workers' compensation benefits, since the record shows that he received such payments for 20 weeks starting from the date that he went on medical leave. More than a year elapsed between Faulds' injury and the date of the original hearing, and Vought was required to raise the credit issue no later than ten days prior to the original compensation hearing or risk having such a claim barred by res judicata at a future hearing. See *Webb*, supra, 228 Ga. App. at 280 (1); Board Rule 243; *Caldwell v. Perry*, 179 Ga. App. 682, 684 (2) (347 SE2d 286) (1986). "While it is true that . . . the matter in the [instant] case was not in fact litigated in the [original hearing] . . . if it could and should under the rules of pleading have been there adjudicated, [future attempts to raise it are barred by] res judicata. . . ." *Jones v. Schacter*, 31 Ga. App. 709 (121 SE 691) (1924); see also *Pacific Employers Ins. Co. v. Shoemake*, 105 Ga. App. 432 (2) (124 SE2d 653) (1962) (An unappealed award of total disability payments is res judicata as to the existence of the disability and the compensation due for the disability until a later award is entered finding a change in condition.).

Given the foregoing, the trial court did not err in reversing the judgment of the Appellate Division and finding that res judicata barred Vought's claim for a credit under OCGA § 34-9-243.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 29, 2006.

*McLain & Merritt, Thomas C. Holcomb, John C. Stunda,* for appellants.

*Buzzell, Graham & Welsh, David C. Bowers, Jr.,* for appellee.