## A11A1196. NORTH FULTON REGIONAL HOSPITAL et al. v. PEARCE-WILLIAMS.

(718 SE2d 583)

ADAMS, Judge.

For a little over three years, North Fulton Regional Hospital (and its workers' compensation insurer/servicing agent) paid an

injured employee temporary partial disability (TPD) benefits when it should have paid temporary total disability (TTD) benefits, a higher amount. After being ordered to pay the TTD benefits retroactively, the employer/insurer made a lump sum payment of the difference between the two amounts, plus penalties and interest. The issue on appeal is whether the employer/insurer was procedurally barred from taking credit for the amount already paid. This Court granted discretionary review of a superior court's order holding that it was barred.

The relevant facts show that Cathy Pearce-Williams sustained a compensable work injury on August 5, 1999. Prior to February 3, 2003, she received TTD benefits for the injury, apparently in the maximum allowed per week, i.e., $350. Then for the period running from February 3, 2003 to April 29, 2006 (roughly 169 weeks), apparently based on a reclassification by the employer/insurer, the employer/insurer suspended TTD benefits and paid Pearce-Williams TPD benefits in the lesser amount of $233.33 per week in accordance with OCGA § 34-9-104 (a) (2).

In approximately June 2008, Pearce-Williams requested a hearing, alleging her injury was catastrophic, and had been, and that she was thus entitled to the original, full amount of TTD benefits retroactive to February 3, 2003. On August 20, 2008, an administrative law judge agreed and found, among other things, that the injury was catastrophic as defined by OCGA § 34-9-200.1 (g) (6) (1999). The judge ordered the following result:

> The employer/insurer are hereby directed to recommence temporary total disability benefits effective the date of suspension, 02/03/2003. Benefits are payable on a continuing basis until otherwise terminated by law.[1]

The order is otherwise silent on the remedy, and it does not state the amount that should have been paid in response to the reclassification of the injury. The award was adopted by the appellate division and affirmed by the superior court. In Case No. A09D0347, we denied the employer's application for discretionary appeal on the catastrophic designation. After the award became final, the employer/insurer paid Pearce-Williams a lump sum amount intended to comply with the above order requiring it to pay TTD benefits from February 3, 2003 forward. To do so, it took credit for the TPD benefits that it had paid the claimant from February 2003 through April 2006.

---

[1] The order also states, "The Employer/Insurer are entitled to a credit for all permanent partial disability benefits paid following the suspension of temporary total disability benefits." But that sentence refers to a form of benefits not at issue here.

In February 2010, the same ALJ conducted a hearing in response to Pearce-Williams's claim that the employer/insurer was not permitted to take credit for prior TPD payments on the ground that it had not requested such a credit at the June 2008 hearing and no such credit was mentioned in the August 20, 2008 order. According to Pearce-Williams, the issue of any credit was thus res judicata and could not be re-litigated. The ALJ disagreed with Pearce-Williams, finding that "the Employee is seeking a windfall" and that the award designating her injury as catastrophic only found that she was entitled to income benefits in addition to the $233.33 per week she had already been receiving in TPD benefits; not that she was entitled to an additional $350 per week. Thus, the employer was not seeking a credit in the traditional sense but rather merely off-setting what had already been paid in the form of TPD benefits. The ruling was affirmed by the appellate division.

The Superior Court of Fulton County reversed, however, finding the employer/insurer's claim of a credit to be barred by res judicata, and it remanded the case for "a hearing consistent with this opinion." We granted the employer/insurer's application for discretionary appeal.

The standard of review in the superior court and in this Court are the same:

> In the absence of legal error, the factual findings of the [Board] must be affirmed by the superior court and by the Court of Appeals when supported by any evidence in the administrative record. However, erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review.

(Citations and footnotes omitted.) *Trent Tube v. Hurston*, 261 Ga. App. 525 (583 SE2d 198) (2003).

It is well settled that the doctrine of res judicata applies in the workers' compensation context. See, e.g., *Vought Aircraft Indus. v. Faulds*, 281 Ga. App. 338 (636 SE2d 75) (2006); *Webb v. City of Atlanta*, 228 Ga. App. 278, 280 (1) (491 SE2d 492) (1997). Under this doctrine, a party is barred from re-litigating an issue that either was, or should have been, litigated in a prior proceeding. See *Vought*, 281 Ga. App. at 339; OCGA § 9-12-40. The crux of Pearce-Williams's argument is that the employer/insurer should have raised the "credit" issue in the June 2008 hearing. The flaw in this argument is that the employer/insurer did not have to litigate the issue of the so-called credit during the June 2008 hearing.

According to the ALJ's August 20, 2008 order, the claims

presented at that hearing were Pearce-Williams's "request for designation of her claim as catastrophic pursuant to OCGA § 34-9-200.1 (g) (6)" and her corresponding request for "temporary total disability benefits from 02/03/2003 and continuing." The ALJ later defined the issue simply as "Whether the employee's workers' compensation injury is catastrophic pursuant to OCGA § 34-9-200.1 (g) (6)."[2] And there is nothing in the 2008 ALJ order, or in the subsequent administrative appeals, to indicate that Pearce-Williams sought payment of TTD benefits *in addition* to TPD benefits as a consequence of the reclassification. In the 2010 order, the same ALJ found as a matter of fact that

> there was no dispute that the Employee had received [TPD] benefits and she was not making a claim for [TTD] benefits in addition to the [TPD] benefits already received. The issue of entitlement to both types of benefits at the same time was not raised at the prior hearing.

Pearce-Williams does not dispute this point. Accordingly, the ALJ had a basis for finding as a matter of fact that Pearce-Williams was only seeking the difference between the amount already paid as TPD benefits and the amount due as TTD benefits for the relevant period of time. It logically follows that because Pearce-Williams did not seek a double recovery, the employer/insurer was under no obligation to seek a credit for the amount paid as TPD benefits.

Moreover, the employer/insurer was not required to anticipate that there was an issue regarding offsetting what had already been paid. Pearce-Williams admits in her appellate brief that it is contrary to the Workers' Compensation Act for a claimant to receive both TTD and TPD benefits for the same period of time for the same injury. See generally *Travelers' Ins. Co. v. Hurt*, 176 Ga. 153, 154 (167 SE 175) (1932) (the concepts of total and partial disability are antithetical). See also *U. S. Steel Corp. v. McBrayer*, 908 S2d 947, 951 (Ala. Civ. App. 2005) (reversing portion of decision that awarded both TTD and TPD benefits for the same time period). Without notice, the employer/insurer could not have anticipated that Pearce-Williams would seek to enforce payments that are contrary to law. It follows that the employer/insurer was not required to raise in the June 2008 hearing the issue of whether it was entitled to offset payments already made in the form of TPD benefits.

Also, the August 2008 order did not specify the amount that the employer/insurer was required to pay as a result of the reclassifica-

---

[2] The ALJ listed a second issue that is not relevant to this appeal.

tion of the claimant's injury. Rather it directed the employer/insurer "to recommence temporary total disability benefits effective the date of suspension, 02/03/2003." Under the circumstances it was reasonable for the employer/insurer to interpret the order to mean that it had to make up the difference.

Finally, contrary to the assertion of Pearce-Williams, neither OCGA § 34-9-243 nor the associated rule required the employer/insurer to formally request a credit under the present facts. OCGA § 34-9-243 (a) provides that when an employer/insurer pays "weekly benefits due," it is entitled to a credit for three types of other payments: payment of "any benefit when not due"; payment "of salary or wages"; or payment of any unemployment benefits. Similarly, OCGA § 34-9-243 (b) provides that the employer's obligation shall also be reduced by the employer funded portion of payments from disability plans, wage continuation plans, or disability policies. The corresponding rule dictates that form WC-243 must be completed "no later than 10 days prior to a hearing" in order to obtain any such credit. See Rule 243 of the Rules and Regulations of the State Board of Workers' Compensation. Failure to seek the credit is res judicata in later proceedings. *Webb*, 228 Ga. App. 278.

But the TPD payments made by the employer/insurer in this case do not fall into any of the categories stated above. The prior payment of TPD benefits clearly is not payment of "salary or wages" or unemployment benefits, nor is it a payment from a disability plan, wage continuation plan, or disability policy. The payment cannot be characterized as payment of "any benefit when not due," either. Pearce-Williams never claimed that her employer/insurer was not required to pay TPD benefits; rather, she claimed that she was entitled to payment at a higher rate because of the reclassification of her condition. Thus, the requirements of Rule 243 were not triggered.

The cases of *Vought*, 281 Ga. App. 338; *Webb*, 228 Ga. App. 278; and *Hansche v. City of Atlanta Police Dept.*, 242 Ga. App. 606 (530 SE2d 512) (2000), are distinguishable. *Vought* (credit sought for wages paid) and *Hansche* (credit sought for salary paid) deal with claimed credits that fall under subsection (a) of OCGA § 34-9-243, and *Webb* deals with a claimed credit for an employer sponsored disability plan that falls under subsection (b).

*Judgment reversed. Barnes, P. J., and Blackwell, J., concur specially.*

BARNES, Presiding Judge, concurring specially.

While I agree with the majority that the superior court's order must be reversed, I do not believe we need to reach all of the issues addressed by the majority. I therefore concur in the majority opinion,

but in the result only. The majority opinion thus decides only this case and may not be cited as binding precedent. Court of Appeals Rule 33 (a).

More specifically, the majority concludes that "the ALJ had a basis for finding as a matter of fact that Pearce-Williams was only seeking the difference between the amount already paid as TPD benefits and the amount due as TTD benefits for the relevant period of time." I agree with the majority that the superior court erred in failing to defer to this factual finding. And because Pearce-Williams at the prior hearing only sought the difference between the amount already paid as TPD benefits and the amount due as TTD benefits, I likewise agree that, contrary to the superior court's ruling, the employer was under no obligation at the prior hearing to seek a credit or set off for the amount paid as TPD benefits. It follows that the superior court erred in holding that the doctrine of res judicata applied in this case.

However, because the ALJ's factual determination is dispositive of this case, the majority did not need to go any further in discussing the res judicata issue. In particular, I do not think it necessary to resolve the more general questions of whether an employer in an administrative hearing to determine workers' compensation benefits is obligated to seek a set off for payments already made in the form of TPD benefits or whether OCGA § 34-9-243 requires an employer to seek a credit for such payments. These are much closer questions, best left for another day where their resolution is necessary for deciding the case on appeal.

I am authorized to state that Judge Blackwell joins in this special concurrence.

DECIDED NOVEMBER 3, 2011.

*Hamilton, Westby, Antonowich & Anderson, Joseph T. Brasher, William J. Turner*, for appellants.
*Fink, Cohen & Snyder, David H. Fink*, for appellee.