**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 29, 2020**

# In the Court of Appeals of Georgia

A20A1499. TREJO-VALDEZ v. ASSOCIATED AGENTS et al.

HODGES, Judge.

Jose Trejo-Valdez sustained a compensable back injury while working for Associated Agents, Inc. d/b/a Bathroom Designs and filed a claim for workers' compensation benefits. Following two surgeries, Trejo-Valdez's authorized treating physician recommended that Trejo-Valdez receive a spinal cord stimulator. After initially denying Trejo-Valdez's request for the stimulator, the administrative law judge for the State Board of Workers' Compensation ("Board") designated a new authorized treating physician at Associated's request and approved Trejo-Valdez for a trial of the stimulator, and Associated appealed. The Appellate Division of the Board affirmed the ALJ's order, but the Superior Court of DeKalb County reversed, finding that Trejo-Valdez's claim for a stimulator was barred by res judicata. We

granted Trejo-Valdez's application for discretionary appeal, and he now argues that the superior court erred: (1) in finding that his request for a spinal cord stimulator trial was barred by res judicata; and (2) by placing the burden of proof for authorization of the stimulator on him. For the following reasons, we reverse.

> In reviewing a workers' compensation benefits award, both this Court and the superior court must construe the evidence in a light most favorable to the party which prevailed before the Board. It is [therefore] axiomatic that the findings of the State Board, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board. However, we review de novo erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law.

(Citations and punctuation omitted.) *Sanchez v. Carter*, 343 Ga. App. 187 (806 SE2d 638) (2017). So viewed, the record reveals that Trejo-Valdez and a co-worker were carrying a marble bath tub up a flight of stairs on September 18, 2014. The bath tub slipped from the co-worker's hands and landed on Trejo-Valdez, resulting in a back injury. Following conservative treatment measures for more than one year, Trejo-Valdez underwent back surgery in January 2016. In April 2016, Trejo-Valdez's authorized treating physician, Dr. Phillip Ploska, recommended either a spinal cord

stimulator or complete discectomy and fusion. Trejo-Valdez opted for the additional back surgery in June 2016.

In October 2016, Dr. Ploska noted that Trejo-Valdez "was still having symptoms with no improvement since the surgery, that he still had low back pain and pain extending into his right hip and leg with burning, tingling and numbness." As a result, Dr. Ploska concluded that Trejo-Valdez's "only remaining treatment option was the spinal cord stimulator. . . ." Dr. Ploska again recommended the stimulator in April 2017, but two doctors (Drs. Randy Rizor and Donald Langenbeck) performed independent medical examinations of Trejo-Valdez and concluded that there was no basis for the stimulator. In February and March 2018, two additional doctors (Drs. Bennett Grimm and Gaurav Rajput) performed independent medical examinations and concluded that Trejo-Valdez could benefit from the stimulator. In a July 3, 2018 order, the ALJ designated a new authorized treating physician, Dr. Shevin Pollydore, for Trejo-Valdez in view of the conflicting medical reports, but denied Trejo-Valdez's request for authorization for a spinal cord stimulator "*at this time*." (Emphasis supplied.) In that regard, the ALJ noted that "the preponderance of the evidence does not establish that the spinal cord stimulator is reasonably required and appear likely

3

to effect a cure, give relief, or restore the employee to suitable employment *at this time*." (Emphasis supplied.)

Thereafter, Dr. Pollydore also recommended that Trejo-Valdez receive authorization for a stimulator for a trial period.[1] Trejo-Valdez requested a hearing for approval of a stimulator trial period, to which Associated filed a notice of controvert, asserting that the proposed treatment was "not . . . a reasonable and necessary medical procedure. . . ." At the ensuing hearing, Associated also contended that Trejo-Valdez's request should be denied pursuant to res judicata. In a May 10, 2019 order, the ALJ noted Trejo-Valdez's history of continuing pain in his lower back and his increased reliance upon opiod agents to control his pain, as well as Dr. Pollydore's diagnosis and thorough medical reasoning in support of a trial of a new spinal cord stimulator. The ALJ first concluded that, because Associated contended that Trejo-Valdez's stimulator trial was not reasonable and necessary, it bore the burden of proof to demonstrate that Trejo-Valdez's proposed treatment was not compensable. Concerning Associated's res judicata argument, the ALJ observed that "[w]orkers'

---

[1] To that end, the ALJ noted that "[t]here are numerous medical opinions from other physicians speculating about whether the stimulator would address [Trejo-Valdez's] specific pain extending into his lower extremities. Dr. Pollydore's recommendation is to let the trial with the stimulator answer that question."

compensation claims are constantly evolving and an employee's entitlement to benefits, especially medical benefits, changes in accordance with the employee's changing medical condition and the treatment recommendations of the employee's physicians." As a result, the ALJ concluded that "the doctrine of res judicata does not preclude [Trejo-Valdez] from pursuing his claim for medical treatment" in view of "different questions of fact" presented by "the passage of time with additional failed conservative treatement, a worsening in [Trejo-Valdez's] symptoms, coupled with the assessment and opinions of a new expert, Dr. Pollydore." Finally, the ALJ determined that the stimulator trial was "reasonably required and appears like[ly] to effect a cure, give relief or restore the employee to suitable employment and [Associated is] responsible for providing the trial. . . ." Associated appealed the ALJ's order to the Board's Appellate Division, which affirmed the ALJ's order.

Associated then appealed to the superior court.[2] Following briefing by the parties and a hearing,[3] the superior court reversed the Appellate Division's order. With little analysis in an order prepared by Associated's counsel, the superior court

[2] Trejo-Valdez filed a cross-appeal with the superior court, but does not further challenge the basis of its cross-appeal in this Court.

[3] The record does not contain a transcript of the superior court's hearing.

found that Trejo-Valdez's medical issue that was tried before the ALJ's March 13, 2019 order "was, in substance, the same issue or cause of action previously tried before the Board and which resulted in a Final Award on July 3, 2018." Furthermore, the superior court concluded that "the doctrine of res judicata is binding upon the [Board] and that said doctrine prohibits retrial of an issue previously tried, such that the [Board] had no lawful authority to conduct a retrial of an issue previously decided." The superior court also found that the Board "erroneously placed the burden of proof upon [Associated], thus constituting further reversible error of law[,]" and that "the proceedings below were not based on any request by [Trejo-Valdez] for a determination of a 'change in condition for the worse[.]'"

We granted Trejo-Valdez's application for discretionary appeal, and this appeal followed.

1. In his first enumeration, Trejo-Valdez contends that the superior court incorrectly found that his request for a spinal cord stimulator trial was barred by res judicata. We agree.

Prior to the 2018 order, Dr. Ploska recommended that Trejo-Valdez receive a spinal cord stimulator and referred him to a Dr. Galan. What followed was a series of independent medical examinations by five additional doctors, two of whom (Drs.

6

Michael Hilton and Grimm ) felt that Trejo-Valdez would benefit from the stimulator, two of whom (Drs. Rizor and Langenbeck ) believed that there was no basis for a stimulator, and one (Dr. Rajput ) who suggested a temporary trial of a stimulator. The ALJ determined that the preponderance of the evidence did "not establish that the spinal cord stimulator is reasonably required [or] appear likely to effect a cure, give relief, or restore the employee to suitable employment *at this time*." (Emphasis supplied.) As a result, the ALJ denied Trejo-Valdez's "request for authorization of the spinal cord stimulator with Dr. Galan . . . *at this time*."[4] (Emphasis supplied.) However, the ALJ designated Dr. Pollydore as Trejo-Valdez's new authorized treating physician.

Prior to the 2019 order, Dr. Pollydore recommended a spinal cord stimulator trial for Trejo-Valdez and provided extensive detail on the manner of treatment and

[4] We do not agree with Associated's characterization of the phrase "at this time" as a "misguided effort to suggest that the Board's first [order] was something less than 'final' in nature and in terms of its binding legal effect." Rather, we construe the phrase as meaning exactly what it says — the ALJ's recognition that, while Trejo-Valdez's initial request could not be granted when it was then presented based upon a lack of credible evidence and a disagreement among several doctors, circumstances concerning Trejo-Valdez's treatment or the appointment of his authorized treating physician were subject to change. Moreover, the quality and quantum of the evidence presented concerning the need for the stimulator — offered by Dr. Pollydore, whose appointment was the result of Associated's request for a change in physician — increased and ultimately persuaded the ALJ.

7

the potential for success with the stimulator. Of particular relevance, Dr. Pollydore stated that "the outcome of [a stimulator trial] will then ultimately determine whether the permanent implantation of the stimulator is appropriate." The ALJ, finding that Dr. Pollydore's opinions "contribute[d] significantly to the preponderance of the evidence" and were "the most persuasive evidence in the record," approved Trejo-Valdez' request for the "spinal cord stimulator trial as recommended by Dr. Pollydore. . . ."

At the outset, we note that the doctrine of res judicata applies to workers' compensation claims. See *Vought Aircraft Indus. v. Faulds*, 281 Ga. App. 338, 339 (636 SE2d 75) (2006); *Webb v. City of Atlanta*, 228 Ga. App. 278, 279 (1) (491 SE2d 492) (1997). Under this doctrine, "[a]n administrative decision acts as an estoppel in any subsequent judicial proceeding between the same parties where the issue is *identical* to that decided in the administrative proceeding." (Emphasis supplied.) *Aldrich v. City of Lumber City*, 273 Ga. 461, 464 (542 SE2d 102) (2001). However,

> a former judgment binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of the same questions between the same parties, if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants.

8

(Citation omitted.) *Nix v. 230 Kirkwood Homes*, 300 Ga. 91, 95 (2) (793 SE2d 402) (2016). As the party asserting the affirmative defense, Associated bears the burden of establishing it. See *Glen Oak, Inc. v. Henderson*, 258 Ga. 455, 458 (2) (a) (369 SE2d 736) (1988); *Sanders v. Trinity Universal Ins. Co.*, 285 Ga. App. 705, 707 (3) (647 SE2d 388) (2007).

In this case, we conclude that res judicata does not bar Trejo-Valdez's request for a spinal cord stimulator trial for two reasons. First, pursuant to OCGA § 34-9-200 (a) (1), an injured worker is entitled to medical care and services "which are prescribed by a licensed physician . . . [and] which in the judgment of the State Board of Workers' Compensation shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment."[5] In the 2018 order, the ALJ found that the preponderance of the evidence did "not establish that the spinal cord stimulator is reasonably required [or] appear likely to effect a cure, give relief, or restore the employee to suitable employment *at this time*." (Emphasis supplied.) As a result, the ALJ denied Trejo-Valdez's "request for authorization of

[5] For all injuries occurring on or before June 30, 2013, the obligation to provide medical benefits is ongoing. OCGA § 34-9-200 (a) (1). For non-catastrophic injuries occurring after this date, there is a 400-week cap on the provision of medical benefits for non-catastrophic claims. See OCGA § 34-9-200 (a) (2), (3).

9

the spinal cord stimulator with Dr. Galan . . . *at this time.*" (Emphasis supplied.) The

ALJ also found that Trejo-Valdez was "entitled to ongoing medical benefits" and that

Dr. Pollydore, "a physician specializing in physical medicine and rehabilitation,"

would be an appropriate specialist to treat Trejo-Valdez[6] and designated Dr. Pollydore

as Trejo-Valdez's new authorized treating physician. Thereafter, in the 2019 order,

the ALJ observed that there were "numerous medical opinions from other physicians

speculating about whether the stimulator would address [Trejo-Valdez's] specific

pain" and that "Dr. Pollydore's recommendation is to let the trial with the stimulator

answer that question." In addition, the ALJ's 2018 order only denied Trejo-Valdez's

request for a stimulator at that time, therefore recognizing that, in view of the

appointment of a new treating physician, the nature of Trejo-Valdez's treatment could

---

[6] Of particular interest, the ALJ's July 3, 2018 order resulted, at least in part, from Associated's request to change Trejo-Valdez's authorized treating physician. The new physician, Dr. Pollydore, suggested that a spinal cord stimulator trial period could "ultimately determine whether the permanent implantation of the stimulator is appropriate." Having obtained the new physician it sought, Associated cannot now disassociate itself from Dr. Pollydore's prescribed treatment under the guise of res judicata. Accepting Associated's current argument would mean that once a new physician had been designated, no oversight of that physician by the Board would follow. This reasoning contradicts the purpose of the Workers' Compensation Act. See, e.g., *Savannah Hospitality Svcs. v. Scriven*, 350 Ga. App. 195, 197 (828 SE2d 423) (2019).

change. See, e.g., *Nix*, 300 Ga. at 95 (2).[7] Taken together, these factors reveal that the ALJ's 2018 order was not intended to forever preclude any further review of the availability of a spinal cord stimulator to address Trejo-Valdez's injury.

Second, the issues decided by the ALJ in the two orders were not identical. See *Aldrich*, 273 Ga. at 464. As we have stated, the ALJ initially denied Trejo-Valdez's request for a spinal cord stimulator proposed by Dr. Galan. Following a change in physician, however, Trejo-Valdez's health did not improve and he became more reliant on opiod treatments to control his constant pain. Dr. Pollydore, rather than recommend permanent installation of a stimulator, suggested that a trial period with a higher frequency stimulator would not only "determine whether the permanent implantation of the stimulator is appropriate[,]" but would resolve the conflict between the multiple physicians as to Trejo-Valdez's need for the stimulator.

---

[7] It is true that "[t]he State Board of Workers' Compensation has no continuing jurisdiction over its awards except to determine a change in condition." (Citation and punctuation omitted.) *Webb*, 228 Ga. App. at 279 (1). However, Associated has not supported its argument that a change in condition may only be initiated by a *claimant*, or even that OCGA § 34-9-104 (b) even applies; even so, the plain language of OCGA § 34-9-104 (b) provides that any party, *or the Board on its own motion*, may apply for another decision based upon a change in condition. To the extent that is the analysis applied in the ALJ's 2019 order, then, the same was not improper. In any event, as explained herein, Trejo-Valdez's proposed treatment is governed by State Board of Workers' Compensation Rule 205 (d) (1), not OCGA § 34-9-104 (b).

11

Therefore, in view of Trejo-Valdez's health, the appointment of a new physician, the new physician's recommendation for a different course of treatment, and the differences in the stimulator and the manner in which the stimulator would be applied (on a trial basis, as opposed to permanent installation), we conclude that Trejo-Valdez's request for a stimulator trial period was not identical to the issues raised before the ALJ's 2018 order. See, e.g., *Nix*, 300 Ga. at 95 (2). It follows that res judicata does not bar Trejo-Valdez's second request for a spinal court stimulator. See, e.g., *Travelers Ins. Co. v. Haney*, 92 Ga. App. 319, 325 (88 SE2d 492) (1955) (concluding that, where an original award allows compensation in some amount, res judicata does not apply to question of whether claimant "is entitled to compensation in some amount, and what the amount is").

Carried to its ultimate conclusion, Associated's argument would automatically foreclose any additional treatment following an ALJ's award. Such a position confounds the underlying purpose of the Workers' Compensation Act for, as we have recognized, the Act is "a humanitarian measure which should be liberally construed to effectuate its purpose." (Citation and punctuation omitted.) *Savannah Hospitality Svcs. v. Scriven*, 350 Ga. App. 195, 197 (828 SE2d 423) (2019); see also *Gen. Ins. Co. v. Bradley*, 152 Ga. App. 600, 603 (263 SE2d 446) (1979) ("[OCGA § 34-9-200]

12

is designed to bring about, hopefully for the better, a change in claimant's medical condition[.]"). In short, we agree with the ALJ's analysis, and so hold, that, because a claimant's course of treatment is fluid and may evolve over time as either the claimant's condition changes, the recommendations of the authorized treating physician change, or the authorized treating physician changes, a claimant may re-litigate a proposed course of treatment following the appointment of a new authorized treating physician and the claimant's failure to respond to more conservative treatment alternatives.[8] Accordingly, we reverse the superior court's judgment finding that Trejo-Valdez's request for a spinal cord stimulator, as recommended by Dr. Pollydore, was barred by res judicata.

2. Trejo-Valdez further argues that the superior court improperly placed upon him the burden of proof. Again, we agree.

In issues concerning a change of condition for the worse, see OCGA § 34-9-104 (b), the burden of proof rests with the claimant. See, e.g., *North Ga. Technical & Vocational School v. Boatwright*, 144 Ga. App. 66, 67 (1) (240 SE2d 563) (1977). However, in cases such as this one, in which "medical treatment is controverted on

---

[8] We reach no conclusion here as to whether re-litigation may be appropriate in other cases based upon other facts.

13

the grounds that the treatment is not reasonably necessary, the burden of proof shall be on the employer." State Board of Workers' Compensation Rule 205 (d) (1). Similarly, the burden of proof to demonstrate that Trejo-Valdez's request for a stimulator trial is barred by res judicata lies with Associated. See, e.g., *Glen Oak*, 258 Ga. at 458 (2) (a).

In this case, Dr. Pollydore, Trejo-Valdez's authorized treating physician, recommended a spinal cord stimulator trial period, and Trejo-Valdez requested a hearing for approval of the trial. Associated filed a notice of controvert, asserting that the proposed treatment was not "a reasonable and necessary medical procedure. . . ." See Board Rule 205 (d) (1).[9] Accordingly, under the plain language of Board Rule 205 (d) (1), the burden of proof to demonstrate that Trejo-Valdez's proposed treatment was not reasonably necessary rested with Associated. Nevertheless, the superior court, without conducting any analysis, summarily concluded that the Board "erroneously placed the burden of proof upon [Associated], thus constituting further

---

[9] As a result, notwithstanding that Dr. Pollydore's recommendation for a stimulator trial period was based partially upon Trejo-Valdez's worsening condition, Associated's controvert to that recommendation was the procedural vehicle that placed the issue before the ALJ.

14

reversible error."[10] Therefore, the superior court erred in finding that Trejo-Valdez was required to satisfy an unidentified burden of proof.

3. In the argument section of his appellant's brief, Trejo-Valdez included two additional arguments that were not enumerated as error. Therein, Trejo-Valdez asserts that the superior court erred in: (1) finding that the spinal cord stimulator was not medically necessary; and (2) requiring him to plead a change in condition in order to revisit the disapproval of his spinal cord stimulator. Because we do not consider arguments that have not been enumerated as error, nor may a party expand his enumerations of error through argument in a brief, Trejo-Valdez's remaining arguments present nothing for our review. See, e.g., *Manley v. State*, 287 Ga. App. 358, 360 (4) (651 SE2d 453) (2007). Nevertheless, in view of our holding in Division 1, supra, these arguments are rendered moot.[11]

---

[10] The trial court did not even cite which burden of proof should have applied: (1) the burden of proof to show a change of condition for the worse, *Boatwright*, 144 Ga. App. at 67 (1); (2) the burden of proof in cases in which "medical treatment is controverted on the grounds that the treatment is not reasonably necessary, the burden of proof shall be on the employer[,]" Board Rule 205 (d) (1); or (3) the burden of proof to demonstrate res judicata. See, e.g., *Glen Oak*, 258 Ga. at 458 (2) (a). Only the first of these burdens would apply to Trejo-Valdez, but, as we have noted, OCGA § 34-9-104 (b) is not implicated in this action.

[11] Furthermore, the superior court did not render a decision concerning the medical necessity of the spinal cord stimulator. As a result, even had Trejo-Valdez's

In sum, we conclude that the superior court erred in finding that res judicata barred Trejo-Valdez's request for a spinal cord stimulator trial period following the designation of a new authorized treating physician. We further conclude that the superior court erred in finding that "the Board erroneously placed the burden of proof on [Associated]. . . ." Therefore, we reverse the superior court's order reversing the Appellate Division's final award and affirm the Appellate Division's final award.

*Judgment reversed. Doyle, P. J., concurs. McFadden, C. J., concurs fully in Divisions 1 and 2 and concurs specially in Division 3.*

---

argument been properly enumerated as error, there would be nothing for this Court to review.

A20A1499. TREJO-VALDEZ v. ASSOCIATED AGENTS et al.

MCFADDEN, Chief Judge, concurring fully in part and concurring specially in part.

I concur fully in Divisions 1 and 2 of the majority opinion, but specially in Division 3. I agree, as the majority holds in Division 3, that Trejo-Valdez's additional arguments are moot, given our reversal on other grounds. But I disagree with the majority's statement that his additional arguments present nothing for our review because they were not enumerated as error.

OCGA § 5-6-40 requires the appellant to file "an enumeration of the errors which shall set out separately each error relied upon." Our Supreme Court has explained that "[a]n error of law has as its basis a specific ruling made by the trial court." *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999). So for us "to review a

2

trial court ruling for legal error, a party must set forth in the enumeration of errors the allegedly erroneous ruling." Id. But

> [t]he individual facets of [an] appellant['s] attack on the legal ruling with which [he] took issue are arguments in support of a legal position and are not, in and of themselves, errors of law. *Because the arguments supporting a position concerning a legal ruling are not themselves legal rulings, they do not have to be enunciated in the enumeration of errors in order to merit appellate consideration.*

Id. at 539-540 (emphasis supplied).

Here, Trejo-Valdez enumerated as error the superior court's order reversing the award of the appellate division on the spinal cord stimulator issue. This "is a specific ruling made by the trial court, and [Trejo-Valdez's] enumeration of that ruling as error is sufficient to place that ruling before us for review. [Trejo-Valdez was] not required to enumerate as error the individual facets of [his] attack on that ruling." *Zhong v. PNC Bank, N.A.*, 345 Ga. App. 135, 139 (2) (a) (812 SE2d 514) (2018) (citing *Felix*, supra).

Parties often include summaries of their arguments in their enumerations of error. And such summaries are often helpful. But they are not required. The fact that

Trejo-Valdez's enumeration contains a summary of his res judicata argument does not mean that he was required to set out his other arguments in the enumeration.

So I disagree with the majority's position that Trejo-Valdez's failure to enumerate as error his additional arguments precludes our review of those arguments. But because I agree that the arguments are moot in light of our reversal, I concur specially in Division 3.